No. 20,025.

JUAN A. TAFOYA, JR., *v.* THE PEOPLE OF THE STATE OF COLORADO.
(366 P. [2d] 860)

Decided December 11, 1961.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF in error as defendant in the trial court was charged by information with the crime of forgery. Trial to a jury resulted in conviction. Motion for a new trial was denied and the defendant was sentenced to a term in the penitentiary. From the judgment and sentence defendant seeks review here by writ of error.

Defendant contends (1) that the court should have granted a directed verdict of acquittal at the close of the People's case, and (2) that the verdict of the jury was contrary to the evidence.

One Ramirez, testifying for the People, identified the defendant as the man who was in his tavern on November 14, 1959, having a beer. Ramirez stated that after buying the beer the defendant asked him to cash a payroll check and presented to him identification in the form of a driver's license. Ramirez watched the defendant endorse the check and thereupon handed the defendant the full face amount of the check in the sum of $87.43. This check was dishonored by the Denver U. S. National Bank on November 17, 1959, on the grounds that the signature was unauthorized. The check had been drawn on the account of the Capitol Hill Blue Print Company, Inc., and made payable to the defendant Juan A. Tafoya, Jr. The check was signed by L. H. Perkins and there was testimony by the owners of the Capitol Hill Blue Print Company, Inc., that no one by that name had ever been authorized to write checks for the company and that they knew no one of that name. There was further testimony that the blank upon which the check had been written had been stolen from the company. A handwriting expert was presented and identified writing of the defendant as identical with that of the endorsement on the check.

At the close of the People's case the defendant moved

for a dismissal which was denied. The defendant then took the stand and claimed that he had never been in Ramirez' tavern and had never cashed the check in question. On this state of the evidence the question of the defendant's guilt was submitted to the jury and the jury returned a verdict of guilty.

Defendant argues that the state failed to produce the driver's license which Ramirez said he had seen; that the state failed to produce witnesses to destroy the defendant's alibi that he was working at the time he was supposed to have been in the tavern; that the state failed to produce weather reports to show the condition of the weather on November 14, 1959, when the state's witness testified that the defendant appeared in the tavern in shirt sleeves and slacks; that the state failed to produce evidence of his fingerprints on the check; and that the state failed to produce other evidence which would have strengthened its case against him. It is his contention that the failure of the state to produce this evidence constituted proof that this evidence would have been favorable to him.

■ The fact that the state did not produce all of the evidence available to it to prove the defendant's guilt in no way renders the verdict of guilty reversible if that presented was sufficient to go to the jury. The state's witnesses testified that the check made out to the defendant was a forgery. They positively identified the defendant as the one who endorsed and presented the check and received payment for it, and testimony of the expert established that defendant's handwriting was the same as that of the endorsement on the back of the check. In this state of the evidence the People had made a prima facie case and the court was correct in denying the motion for acquittal at the close of the People's case.

The defendant further contends that the evidence presented by the People was not believable and that the evidence which he presented should have been accepted by the court and the jury as the truth. What he is in

effect saying is that he should have been acquitted rather than convicted because, in his opinion, his testimony was believable while that of the People's witnesses was so contradictory as to be unbelievable.

We again repeat, as stated innumerable times before, that the jury is the trier of the facts and the sole judge of the credibility of the witnesses and of the weight to be given their tstimony. *Davenport v. People,* 138 Colo. 291, 332 P. (2d) 485; *Mendelsohn v. People,* 143 Colo. 397, 353 P. (2d) 587; *Rinehart v. People,* 105 Colo. 123, 95 P. (2d) 10.

The judgment is affirmed.

MR. CHIEF JUSTICE HALL not participating.