### Forrest Cummings GREEN, Plaintiff-Appellee,

v.

### John W. TURNER, Warden, Utah State Prison, Defendant-Appellant.

No. 514-70.

United States Court of Appeals, Tenth Circuit.

June 7, 1971.

Peter J. Wall, Denver, Colo. (John W. Horsley, Moyle & Moyle, Salt Lake City, Utah, on the brief), for plaintiff-appellee.

B. S. Young (Vernon B. Romney, Atty. Gen., and Lauren N. Beasley, Chief Asst. Atty. Gen., on the brief), for defendant-appellant.

Before SETH, McWILLIAMS, and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

Forrest Cummings Green, a state prisoner, brought a habeas corpus proceeding in the United States District Court for the District of Utah, Central Division, seeking his discharge from the custody of John W. Turner, the Warden of the Utah State Prison, to which institution he (Green) had been sentenced upon his plea of guilty to a state charge of assault with a deadly weapon.

At the habeas corpus hearing the only matter of an evidentiary nature presented to the trial court was the reporter's transcript of the proceedings in the state court where Green, who was represented by counsel, was permitted to change his plea from one of not guilty

to that of guilty. Otherwise, the habeas corpus proceeding consisted mainly of legal argument and colloquy between counsel and the court, at the conclusion of which the trial court ordered Green's immediate discharge. Turner, the warden, now appeals.

The exact basis for the trial court's action is not entirely clear. In any event, in this court Green contends that the action of the trial court should be upheld because the record of his state court arraignment fails to affirmatively show that his plea of guilty was intelligently and voluntarily made. In support of this proposition Green relies upon Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274, and he further claims that the rule of *Boykin* should be applied retroactively so as to govern his arraignment which occurred some two years prior to the time *Boykin* was announced.

As we understand it, the United States Supreme Court has not expressly declared that the rule of *Boykin* is, or is not, to be retroactively applied, although counsel argues that McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L. Ed.2d 763, Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, and McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, strongly suggest that *Boykin* is not to be applied retroactively. We agree. In addition, this court, in Perry v. Crouse, 429 F.2d 1083 (10th Cir.), has given full consideration to the question of whether *Boykin* should be applied retroactively.

In *Perry*, a state prisoner in a federal habeas corpus proceeding contended that his guilty plea should be set aside because the record of his arraignment in the state court did not affirmatively show that his plea was entered voluntarily and intelligently in the manner prescribed in *Boykin*. In *Perry*, as in the instant case, the arraignment in question occurred several years prior to *Boykin*. It was thus in a factual setting much akin to the instant one that we in *Perry* concluded that *Boykin* should not be applied retroactively and we labeled

as untenable the claim that the prisoner should be permitted to plead anew solely because the record of his state arraignment did not square with the rule of *Boykin*. Therefore, the trial court's ruling cannot be upheld on the basis of *Boykin*, or even the "principles of *Boykin*," as is here contended by counsel. We note that our decision in Perry v. Crouse was announced several weeks after the trial court ruled in the instant case and accordingly in making its decision the trial court did not have the benefit of our expression on this point.

The judgment is reversed and the cause remanded with direction that the petition be dismissed and that the petitioner be reapprehended and remanded to the custody of the respondent.

█ The mandate in the instant case shall issue forthwith. The clerk of the district court is ordered to forthwith issue all necessary process, including the issuance of a bench warrant, to effectuate our mandate. Such, however, shall in no way be interpreted as limiting the warden, or any other authorized officer of the state of Utah, from using state authority to effectuate the return of the petitioner to the custody of the warden.