## No. 24098.

### RICHARD STEWART *v.* THE PEOPLE OF THE STATE OF COLORADO.
(487 P.2d 371)

Decided July 6, 1971.

WILLIAM J. CHISHOLM, Public Defender in and for the City and County of Denver, EDWARD H. SHERMAN, Public Defender, ISAAC MELLMAN, Special Assistant, THOMAS M. VAN CLEAVE, III, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, E. RONALD BEEKS, Assistant, for defendant in error.

*En Banc.*

OYER G. LEARY, District Judge* delivered the opinion of the Court.

THE plaintiff in error, hereinafter referred to as defendant, was convicted of aggravated robbery and sentenced to the state penitentiary. He seeks reversal on writ of error, alleging that the facts and circumstances surrounding the People's pre-trial and trial identification of defendant were so suggestive as to constitute a denial of due process under the Fourteenth Amendment and in derogation of his rights to counsel under the Sixth and Fourteenth Amendments to the United States Constitution. We find that the identifications met all constitutional tests and therefore affirm.

The record discloses that the defendant waived his rights to a jury trial and the case was tried to the court. Prior to trial, the court conducted a hearing concerning the line-up procedure and ruled that it was not conducted within the guidelines set down by *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). This ruling was based on the fact that counsel for defendant, the Public Defender, was not allowed to be present during police post line-up interrogation of the eyewitness, Ronald J. McBride. The court concluded that this was a critical stage of the line-up procedure, and therefore he would disregard the line-up identification in rendering his decision.

The matter then proceeded to trial. The entire evidence of the People was the testimony of the only eyewitness, Ronald J. McBride. The defendant did not take the stand and offered in defense three alibi witnesses to the effect that he was with friends in downtown Denver at the time the robbery was committed.

The record discloses that the identification of the defendant by the witness, McBride, was in four stages: (1) Physical description given to police following the robbery; (2) Immediately after the robbery picking out a mug shot at the police station; (3) Line-up identification; and (4) In-court identification.

## I.

Essentially, the defendant's argument is that the in-court identification was tainted by the line-up identification since they cannot be separated and one influences the other; particularly where, as here, the police officer advised the eyewitness McBride that the person he identified in the mug shot would appear in the line-up.

The People respond first that if there was any taint created by the line-up, it was cured by the procedure which subsequently followed; and further, that there was no error since the eyewitness' identification was of independent origin and therefore its weight was properly considered by the court. We agree with this contention.

Assuming, *arguendo,* that the trial court's reading of *United States v. Wade, supra* — requiring presence of defendant's counsel at the line-up also necessitates his presence during any post police line-up interrogation of the witness — is a correct interpretation, the fact remains that the trial court in this instance disregarded the line-up identification in reaching its decision.

██ In accordance with the holding in *Wade,* the People can purge any improper line-up identification of any "primary taint," by showing that there was other evidence in the record which would satisfy the inde-

pendent origin test set forth in *Wade*. This was not a situation where the persons perpetrating the robbery in question attempted to disguise or alter their physical appearance in any way. The witness McBride's in-court identification was based upon a close, face-to-face observation of the defendant at the scene. The record amply supports an informed judgment based on clear and convincing evidence that the in-court identification by the witness McBride had an independent source separate and apart from the line-up and mug shot identifications. The People established their burden as reflected by the record and did not violate any of defendant's constitutional rights as alleged. We conclude the eyewitness testimony was properly admitted into evidence. *See Martinez v. People,* 174 Colo. 125, 482 P.2d 375 (1971); *Schott v. People,* 174 Colo. 15, 482 P.2d 101 (1971); *Neighbors v. People,* 171 Colo. 349, 467 P.2d 804 (1970).

## II.

The defendant also contends that his motions for judgment of acquittal made at the end of the People's case and also at the conclusion of the trial should have been granted, the evidence being insufficient to justify a finding of guilty. We have consistently held that inasmuch as the trial court is the trier of fact, its decision will not be set aside when adequately supported by the evidence, even though a portion of that evidence may be in conflict. *Tafoya v. People,* 148 Colo. 532, 366 P.2d 860 (1961).

Judgment affirmed.

Max C. Wilson, District Judge,* participating.

Mr. Chief Justice Pringle and Mr. Justice Kelley not participating.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.