## No. 24237

## Leon M. Glass v. The People of the State of Colorado
(493 P.2d 1347)

Decided February 22, 1972.

Kenneth Balcomb, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Robert L. Hoecker, Assistant, for defendant in error.

*En Banc.*

EDWARD J. BYRNE, District Judge*, delivered the opinion of the Court.

Defendant Leon Glass was convicted by a jury of forgery in the passing of a check. The facts revealed by the record disclose that on the morning of September 16, 1968, a man, later identified as the defendant, purchased a shirt at Henry's Department Store in Rifle, Colorado. In payment, he gave

the clerk, Mrs. Herwick, a check drawn on the account of James Martin in the amount of $25. The defendant was the payee and he endorsed the check in Mrs. Herwick's presence. Mrs. Herwick also testified that she saw the defendant later in the day as he hurriedly exited from another Rifle business establishment. She consulted with the clerks in that store, and then, upon the basis of what she learned, she informed Mr. Henry, her employer, that she suspected the check she had taken earlier in the day from the defendant was bad. Henry went to the bank and presented the check for payment only to find that the account, upon which the check was drawn, had been closed. Henry then proceeded to the Rifle Police Department and reported what had transpired.

The chief of police contacted Mrs. Lucille Martin, the mother of the person on whose account the check was drawn. She was also known to associate with the defendant. The two of them went to Mrs. Martin's house where they found the defendant. The police chief asked the defendant to accompany him to the police station and the defendant refused. After a struggle, the defendant was handcuffed and taken to jail.

Upon arriving at the jail, the defendant was placed in a cell and searched. The search resulted in the production and seizure of five checks, each identical to the one passed at Henry's. At trial, these checks were admitted into evidence along with testimony of the transaction at the other Rifle store. Mrs. Herwick came to the jail and was asked to identify the defendant, which she did. The defendant was not represented by counsel at this confrontation.

Defendant's first assignment of error is that he was arrested without probable cause and that the subsequent search of his person was illegal. He argues that the trial court should not have permitted the testimony concerning the checks found on his person to go before the jury.

We do not agree that the police chief did not have probable cause to arrest the defendant. C.R.S. 1963, 39-2-20 provides in part that an officer may make an arrest without a

warrant "when a criminal offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it." This court has held that "probable cause" and "reasonable grounds" are substantially equivalent in meaning.

Probable cause exists where the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236; *Lovato v. People,* 159 Colo. 223, 411 P.2d 328.

Applying this accepted test to the facts of the instant case, it is readily apparent that the police chief had probable cause to arrest the defendant. He knew that an offense had been committed, and from what he had been told by Henry, he had reasonable grounds to believe that the defendant had committed that offense. *See People v. Collman,* 172 Colo. 238, 471 P.2d 421.

We likewise hold that the search of the defendant at the police station was valid. *Martinez v. People,* 168 Colo. 314, 451 P.2d 293; *Baca v. People,* 160 Colo. 477, 418 P.2d 182; *Lovato v. People, supra; Gonzales v. People, supra.* As we stated in *Baca:*

"In the instant case we view it as a *reductio ad absurdum* to urge that a prisoner cannot be searched, who may either be armed and so could kill or wound his jailers and escape, or, who might have on his person other evidence of the crime for which he was arrested.

\* \* \* \*

"We hold therefore, that a police station, immediately following an arrest, cannot be held to be too remote from the place of arrest in a search and seizure case."

Defendant's second assignment of error is that the in-court identification was improper because defendant did not have counsel when he was confronted by Mrs. Herwick at

the jail. However, it is by now well-established in Colorado, that even if there has been an illegal confrontation, the witness may make an in-court identification if there is an independent source upon which to base such an identification apart from the illegal confrontation. *People v. Bowen,* 176 Colo. 302, 490 P.2d 295; *Edmisten v. People,* 176 Colo. 262, 490 P.2d 58; *Stewart v. People,* 175 Colo. 304, 487 P.2d 371; *Schott v. People,* 174 Colo. 15, 482 P.2d 101; *Neighbors v. People,* 171 Colo. 349, 467 P.2d 804.

■ Although it was procedurally improper for the court to admit an in-court identification without first conducting an *in-camera* hearing, *People v. Bowen, supra; Martinez v. People,* 174 Colo. 125, 482 P.2d 375, we find that the record supports the trial court's finding that the in-court identification had an independent source separate and apart from the illegal confrontation. The witness had a direct one-on-one confrontation for 5 to 10 minutes in Henry's at the time the check was passed. That this was sufficient to impress his identification upon her mind is apparent when it is remembered that she had no difficulty recognizing him later in the day when she saw him leave the other store, even though he was wearing a different color shirt than when he was in Henry's. This is sufficient to show, clearly and convincingly, that the witness had an independent basis upon which to base her identification of the defendant. The in-court identification was therefore proper and admissible.

Since we find both of defendant's assertions of error to be without merit, we affirm the judgment of the trial court.

GEORGE V. KEMPF, District Judge*, participating.

MR. JUSTICE DAY and MR. JUSTICE KELLEY not participating.

* District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.