**Eddie David COX, Petitioner-Appellant,**

v.

**STATE OF KANSAS, Respondent-Appellee.**

No. 71–1667.

United States Court of Appeals,
Tenth Circuit.

March 14, 1972.

Gary Julius Paige, in pro. per.

Robert L. Meyer, U. S. Atty., Eric A. Nokles, Chief, Crim. Div., Brian J. O'Neill, Ass't Chief, Crim. Div., Los Angeles, Cal., for appellee.

Before MERRILL, KOELSCH and HUFSTEDLER, Circuit Judges.

Before LEWIS, Chief Judge and McWILLIAMS and BARRETT, Circuit Judges.

## SUMMARY DISPOSITION

PER CURIAM.

██ This is an appeal from dismissal of a state prisoner habeas corpus action in the United States District Court for the District of Kansas. Cox is presently serving a sentence imposed upon his plea of guilty to second degree kidnapping. This is the second time he has questioned his conviction and sentence on that charge in this Court. The background information pertinent to this case is set out in our prior opinion at Cox v. Crouse, 376 F.2d 824 (10th Cir. 1967), cert. denied 389 U.S. 865, 88 S.Ct. 128, 19 L.Ed.2d 136, and will not be repeated here. In that case, as here, Cox alleged that he was twice placed in jeopardy for the same offense. We held that by his plea of guilty he waived any defense of double jeopardy. This same claim is reasserted in the instant case; in support of this repetition, it is urged that the recent case of Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) dictates a different result from that reached in the prior case. However, our previous case simply held that the defense had been waived; no opinion was expressed on either the applicability to the states of the rule proscribing double jeopardy or the presence of double jeopardy as a matter of fact in this case. Accordingly, our prior case is dispositive of the double jeopardy argument.

██ Cox further alleges that his plea of guilty could not have been a waiver of his double jeopardy defense, because at the time he entered the plea there was no such defense available to a state defendant. Thus, he argues that there was no intelligent waiver of a known right. The short answer to this contention is supplied by Brady v. United States, 397 U.S. 742 at 757, 90 S.Ct. 1463 at 1473, 25 L.Ed.2d 747 (1970), wherein the Court stated that:

". . . a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."

Accordingly, the waiver is not invalidated by the recent developments in the area of double jeopardy.

██ In a similar vein, Cox contends that his guilty plea was coerced and that it is invalid because the state record does not indicate compliance with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We have recently held that Boykin will not be applied retroactively in this Circuit, absent a contrary mandate from the Supreme Court. Green v. Turner, 443 F.2d 832 (10th Cir. 1971). To date, the Supreme Court has not held otherwise. Apart from urging the applicability of Boykin, Cox alleges that his plea was, in fact, coerced. Without the support of Boykin, proof of this claim is the petitioner's burden. The record is totally devoid of support for the alleged coercion.

██ Finally, Cox complains that his sentence was illegally enhanced after his original conviction and sentence. The proceeding in question is discussed by the Kansas Supreme Court in State v. Cox, 194 Kan. 120, 397 P.2d 406 (1964). On petitioner's own motion the sentencing court substituted a valid sentence for an invalid sentence. There is no impropriety in such a modification, even if it were true, which is not obvious, that the second sentence is more severe than the first.

Upon docketing, this case was assigned to the summary calendar. Appellant was so notified, but he has not availed himself of the opportunity to submit a memorandum opposing summary action. Nonetheless, a careful review of the files and records of this cause convinces us that the judgment of the trial court is correct, and that there is no need for further argument.

The judgment is affirmed.