No. 24720.

Henry Seferino Espinoza v.
The People of the State of Colorado
(497 P.2d 994)

Decided June 5, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy T. Michael Dutton, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Eugene C. Cavaliere, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Plaintiff in error, Henry Seferino Espinoza, was convicted by a jury in the Jefferson County District Court of burglary in violation of 1965 Perm. Supp., C.R.S. 1963, 40-3-5. We reverse the judgment of conviction.

The record shows that on January 9, 1969, at approximately 3 p.m., the residence at 600 Estes Street, Lakewood,

Colorado, was burglarized by two men. The evidence established that a television set was taken from the premises during the burglary. An eyewitness, who was a neighbor living in the house directly across the street from 600 Estes, observed through a window in her home a pickup truck back into the driveway and stop near the garage of the burglarized premises. The driver exited from the truck and went directly into the house. Shortly thereafter, she observed this man and another remove an object of furniture, covered by a bright blue blanket, from the house and place it in the rear of the pickup truck, whereupon the men got into the truck and drove away from the premises. She testified that defendant was the driver of the truck ahd that she had a good opportunity to observe him as he backed the truck into the driveway, went into the house, and as he came out of the house carrying the furniture. She noted the license number of the truck. Later in the day, she contacted the residents of the burglarized house and related to them what had occurred. The police were notified and given the license number of the truck. Defendant was apprehended several days later.

The investigating officer testified that he verbally advised defendant of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. This, the defendant disputed. The officer further testified that defendant admitted participating in the burglary.

Based upon the evidence of the eyewitness and the confession of the defendant, the defendant was convicted by the jury.

I.

Defendant's first assignment of error for reversal is predicated upon the trial court's refusal to permit defendant to present evidence at an *in camera* hearing concerning an alleged unlawful lineup at which defendant was identified by the sole eyewitness. The record shows that, when the People first offered to present the in-court identification of the defendant, objection and a request for an *in camera* hearing were made. At this hearing, the defendant's counsel advised the court that it was his understanding there was a lineup

conducted in Denver and that he did not know whether the eyewitness attended that lineup, if one was in fact conducted, but that the lineup, if it was held, was improper and illegal, in violation of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. His contention was that the offered in-court identification was tainted by the illegal lineup. The court regarded this statement as speculation and refused to permit counsel to inquire into the Denver lineup, whereupon the *in camera* hearing was concluded. The eyewitness was permitted to make the in-court identification in the presence of the jury.

On cross-examination of the identification witness, it was brought out that there had in fact been a lineup conducted in Denver, at which she appeared and identified the defendant. Counsel for defendant, by his cross-examination, effectively demonstrated that there was in fact an independent basis for the witness' in-court identification of the defendant and that her identification did not in any manner rest upon the lineup.

We disapprove the court's refusal to permit defense counsel to present testimony at the *in camera* hearing bearing upon the legality of the pretrial lineup. *Gilbert v. California, supra,* requires that where there is a suggestion of an illegal lineup it is the duty of the trial court to first determine at an *in camera* hearing whether the in-court identification has been tainted by the illegal lineup, before permitting the in-court identification to be made. The admission of an in-court identification without first determining that it was not tainted by an illegal lineup but was of independent origin may be constitutional error. However, as has been held in several recent cases, such error may be considered harmless, even if there has been an illegal line-up confrontation (which the defendant failed to show in this case), if the identification witness makes an in-court identification based on sufficient independent observations of the defendant, disassociated from the pretrial lineup. *Glass v. People,* 177 Colo. 267, 493 P.2d 1347; *Gallegos v. People,* 176 Colo. 191, 489 P.2d 1301; *Martinez v. People,* 174 Colo. 125, 482 P.2d 375;

*Neighbors v. People,* 171 Colo. 349, 467 P.2d 804. In our opinion, the record here supports an informed judgment, based on clear and convincing evidence, that the in-court identification had an independent source, separate and apart from the questioned lineup. The defendant does not contend that the in-court identification was tainted for any reason other than the possible absence of counsel at the lineup. Under these circumstances, the error of the trial court in denying the *in camera* inquiry will be held to be harmless.

## II.

The defendant's second basis for reversal concerns the admission into evidence of the confession of the defendant. It is defendant's contention that the required warnings under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, were not in fact given; but that if they were given the People failed to establish that defendant voluntarily, knowingly and intelligently waived his right to remain silent and his right to counsel.

At an *in camera* hearing on defendant's oral motion to suppress the incriminating statement, the People presented evidence that defendant was orally advised of his *Miranda* rights and that he responded, "That's all right" and that he understood. The defendant denied there was any advisement. Defendant also testified that he had been made certain promises to induce him to confess to the crime under investigation. This testimony was disputed by the evidence of the investigating officer. The evidence further showed that defendant was taken by the officer to 600 Estes Street, where he admitted having burglarized this residence.

The trial court denied the motion to suppress, without making any findings whatsoever concerning the matters then at issue. It was incumbent upon the trial court to find whether the statement was given freely and voluntarily without any improper compelling influences, and, second, whether the defendant voluntarily, knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. *Martinez v. People,* 174 Colo. 125, 482 P.2d 375. It has many times been stated by

this Court that before incriminating statements or confessions, to which objections have been made, can be admitted in evidence the court must make findings of fact and law that the statements and confessions under consideration were voluntarily given with full understanding of the accused's rights. The mere denial of defendant's motion to suppress, without more, does not satisfy these requirements.

It is necessary to reverse and remand the case to the trial court for a second *in camera* hearing, after which the court shall make specific findings of fact on the issues of voluntariness and knowing and intelligent waiver of the privilege against self-incrimination and the right to counsel. If the court finds the confession was freely and voluntarily given by Espinoza, without any improper compelling or coercive influence, and that he knowingly and intelligently waived his privilege against self-incrimination and his right to counsel, then the conviction and verdict should be reinstated. Otherwise, defendant should be granted a new trial.

The judgment is reversed and the cause remanded with directions to conduct further proceedings consonant with the views herein expressed.