## No. 24758

## The People of the State of Colorado v. Walter John Woll
### (498 P.2d 935)

Decided June 12, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant-appellant, Walter John Woll, was charged in the district court of Logan County with the crimes of unnatural carnal copulation in violation of C.R.S. 1963, 40-2-31, and of statutory rape in violation of C.R.S. 1963, 40-2-25(1)(b). He was acquitted of the first charge and convicted of the rape charge. He seeks reversal of the judgment of conviction, alleging three grounds of error. We affirm, and remand the case for further proceedings as hereinafter noted.

I.

The first contention of error is that the evidence was insufficient to support the conviction of statutory rape. We find it unnecessary to detail the evidence which supports the jury's finding of guilt; suffice it to say the evidence of the complaining witness, if believed by the trier of fact, was sufficient in all detail to support the charge of statutory rape.

Her testimony was flatly contradicted by the defendant, who denied committing the act. Evidence of three prior felony convictions was introduced to impeach the credibility of the defendant. Additionally, there was medical evidence from the examining doctor that, in his examination of the victim, he found surface trauma and blood which could have been the result of an act of forcible intercourse. It was also shown that the defendant was apprehended while fleeing from the house where the rape was perpetrated.

▮ It is not the function of this Court to reweigh or reassess the credibility of the witnesses. We must uphold the verdict where, considering the evidence in the light most favorable to the People, it supports the verdict of the jury. *Bennett v. People,* 155 Colo. 101, 392 P.2d 657; *Tafoya v. People,* 148 Colo. 532, 366 P.2d 860.

## II.

▮ In the second argument for reversal, defendant contends that the trial court erred in allowing the district attorney to cross-examine him concerning prior felony convictions. He argues that, as a condition to permitting such testimony, the burden was upon the People to show that the defendant was properly represented by an attorney, or had waived his right to an attorney, at each of the judicial proceedings which resulted in his prior convictions. He predicates this argument on *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, wherein it was held that prior felony convictions obtained in violation of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, could not lawfully be used, "either to support guilt or enhance punishment for another offense." This argument was not presented to the trial court for consideration, nor did defendant offer any evidence or tender any proof that the prior convictions admitted into evidence were obtained in violation of his constitutional right to counsel. Defendant's objection in the trial court to the use of prior convictions was a general objection that the same were improper, unfair and denied him due process.

The United States Supreme Court, in *Loper v. Beto,* 405

U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374, held that the use of convictions constitutionally invalid under *Gideon v. Wainwright, supra,* to impeach a defendant's credibility deprives him of due process of law. However, consideration of this proposition is not warranted under the record in this case where there is no prima facie showing by the defendant that in fact his prior convictions were constitutionally infirm by reason of want of counsel or a knowing and intelligent waiver of counsel.

### III.

Defendant's third ground for reversal concerns the failure of the trial court to impanel a jury to determine the defendant's sanity under his plea of not guilty by reason of insanity at the time of the alleged commission of the offense. The record shows that at the time of arraignment defendant entered a not guilty plea and a plea of not guilty by reason of insanity.

At the time of trial setting, the court specifically noted that the not guilty plea and the insanity plea had been entered and asked counsel which issue was to be tried first. Counsel indicated that trial would go forward on the not guilty plea. Nothing was stated concerning withdrawal of the insanity plea. As the record stands, defendant's plea of not guilty by reason of insanity has not yet been disposed of.

1965 Perm. Supp., C.R.S. 1963, 39-8-3(1), permits bifurcated trials whereby the insanity issue may be tried either before or after the guilt issue. Under the posture of this case as presented to us, the issue of guilt has been disposed of and the issue of insanity has yet to be tried. It becomes necessary, therefore, to remand the case to the district court with directions to try the remaining issue — not guilty by reason of insanity at the time of the alleged commission of the offense — to a jury, unless the defendant shall elect to withdraw his insanity plea. *Moneyhun v. People,* 175 Colo. 220, 486 P.2d 434.

If the defendant elects to withdraw his plea of not guilty by reason of insanity, the judgment is affirmed. If the defendant elects not to withdraw his insanity plea and the

issue is tried to a jury, resulting in a verdict of sanity at the time of the alleged commission of the offense, the judgment of conviction shall likewise be affirmed. In the event the jury's verdict is that of insanity, then the judgment of conviction shall be reversed, vacated and set aside, and defendant shall be committed as provided by law.

The cause is remanded to the district court for further proceedings consonant with the views herein expressed.