## No. 25375

**The People of the State of Colorado v. James Edward Simms**
(523 P.2d 463)

Decided June 17, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

MR. JUSTICE HODGES delivered the opinion of the Court.

The defendant, James Edward Simms, was convicted after trial to court of the charge of aggravated robbery. (Case No. 1.) Following this conviction, he plead guilty to a second aggravated robbery charge. (Case No. 2.) He subsequently filed a motion for vacation of these judgments under Crim. P. 35(b). In this appeal, the defendant challenges the trial court's judgments, which denied his 35(b) motion after a hearing.

The defendant contends that the trial court erred in Case No. 1 because: (1) he did not freely waive his right to a jury; (2) the trial court did not hear evidence on the validity of a lineup identification; and (3) the trial court admitted evidence of his engagement in two other robberies which occurred the following day. In Case No. 2, the defendant claims error because he did not voluntarily and intelligently plead guilty.

We find that none of the defendant's contentions are meritorious or involve reversible error. We therefore affirm the trial court's judgment.

I.

 In Case No. 1, the defendant argues that his waiver of his right to a jury trial was invalid. He testified at the 35(b) hearing that he only agreed to waive a jury because his attorney threatened to withdraw from the case if he did not acquiesce in the waiver.

The record, however, discloses that the trial judge orally advised the defendant of his right to a jury. The defendant further read and signed a written waiver. He failed to give any indication to the trial court that his waiver was not voluntary. We hold that there is substantial evidence to support the findings that the waiver was voluntary. *Lamb v. People,* 174 Colo. 441, 484 P.2d 798 (1971).

II.

The defendant next alleges that the trial court erred in Case No. 1 in "failing to hear evidence on the issue of the validity of the lineup identification procedure." Two days after the announcement of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the defendant was placed in a lineup without counsel.

In his brief, the defendant "acknowledges that an in-court identification may be permitted notwithstanding the absence of counsel at the lineup where the prosecution establishes 'by clear and convincing evidence that the in-court identifications were based upon observations of the suspect other than the lineup identification.' " *United States v. Wade, supra.* However, the defendant argues that an evidentiary hearing "must be convened for the reception of such evidence in order for the trial court to make this determination."

■ We have previously held that although it may have been procedurally improper for the court to admit the *in court* identification without first making an inquiry into the validity of the lineup, this does not constitute reversible error, where the testimony in court establishes a source for the identification separate and apart from the lineup. *Martinez v. People,* 174 Colo. 125, 482 P.2d 375 (1971).

■ The trial court record in Case No. 1 clearly demonstrates that the witnesses identified the defendant at the trial on the basis of close face-to-face confrontation with the defendant during the progress of the crime. The defendant does not contend otherwise, nor did he rely seriously on misidentification as a defense. Where as here, the trial court establishes a strong independent source for the identifications apart from the lineup, the failure to hold a separate evidentiary hearing is at most harmless error. *See Glass v. People,* 177 Colo. 267, 493 P.2d 1347 (1972) and *Stewart v. People,* 175 Colo. 304, 487 P.2d 371 (1971).

## III.

Also, as to Case No. 1, the defendant asserts that the trial court erred in admitting evidence of his involvement in two other robberies which occurred the day following the robbery alleged in this case.

■ Although evidence which shows that the defendant committed other offenses is generally not admissible, *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959), nevertheless, evidence of other transactions is admissible for the purpose of showing plan, scheme, or design. Here, the other two robberies were both committed in a similar way to the one charged and occurred the following day. This evidence was

admitted in conformity with the *Stull* requirements for the limited purpose of showing a plan, scheme or design by the defendant. *People v. Lamirato,* 180 Colo. 250, 504 P.2d 661 (1972) and *People v. Dago,* 179 Colo. 1, 497 P.2d 1261 (1972).

IV.

In case No. 2, the defendant states that his plea of guilty should be vacated for failure to comply with Crim. P. 11. Specifically, the defendant argues that the trial court failed to inform him that a material element of the offense of aggravated robbery was the intent, if resisted, to wound, maim, or kill.

Since this issue was not raised in either the Crim. P. 35(b) motion or at the hearing, it is not properly before this court for review. *People v. McClellan,* 183 Colo. 176, 515 P.2d 1127 (1973). In making this ruling, we note that the record demonstrates rather clearly that the guilty plea was entered with an understanding of the nature of the crime of aggravated robbery. *People v. Marsh,* 183 Colo. 258, 516 P.2d 431 (1973). The plea of guilty was entered on January 9, 1968, which was more than two years prior to the United States Supreme Court's decision in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) which sets forth standards that must be complied with by a trial court before it can accept a plea of guilty. The guilty plea here adequately complies with the pre-*Boykin* requirements that it be made voluntarily and with a full understanding of the charge. *See People v. Alvarez,* 181 Colo. 213, 508 P.2d 1267 (1973).

The indication from the defendant's argument that *Boykin* be given retroactive effect is clearly rejected in *Ward v. People,* 172 Colo. 244, 472 P.2d 673 (1970). *Accord, Cox v. Kansas,* 456 F.2d 1279 (10th Cir. 1972) and *Green v. Turner,* 443 F.2d 832 (10th Cir. 1971).

Judgment affirmed.