Page 374
923 P.2d 374
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Michael Winston GOLDMAN, Defendant-Appellant.
No. 95CA0939.
Colorado Court of Appeals,
Div. III.
July 11, 1996.

        Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Sandra K. Mills, Assistant Attorney General, Denver, for Plaintiff-Appellee.
        Law Offices of Douglas S. Joffe, Laja K.M. Thompson, Jason T. Meade, Denver, for Defendant-Appellant.
        Opinion by Judge HUME.
        Defendant, Michael Winston Goldman, appeals the trial court's order denying his Crim.P. 35(c) motion. We dismiss the appeal.
        Pursuant to a plea agreement, defendant was convicted of first degree assault and a corresponding crime of violence count and was sentenced to a twelve-year prison term.
        Defendant thereafter filed a pro se Crim.P. 35(c) motion, claiming that his plea had not been knowingly and voluntarily entered because he had received ineffective assistance of plea counsel and an inadequate Crim.P. 11 advisement from the trial court. As pertinent here, defendant maintained that he was under the influence of a "mind altering prescription drug" during his providency hearing and was therefore unable to understand the court's advisement and the consequences of his plea. With respect to the ineffective assistance of counsel claim, defendant contended that counsel "should not have let defendant" 

Page 375
enter a plea while under the influence of the medication.
        The trial court appointed counsel to represent defendant on the motion. Following an evidentiary hearing, defendant withdrew his claim regarding the propriety of his Crim.P. 11 advisement. Based on the evidence presented at the hearing, the trial court found that plea counsel's performance had not been deficient and denied the motion.
        On appeal, defendant contends that he received ineffective assistance of counsel in the Crim.P. 35(c) proceeding. More specifically, he claims counsel was ineffective because he failed to call an expert witness regarding the effects of the medication, if any, on defendant's mental state during the providency hearing and his ability to make a knowing and voluntary plea while on the medication. Defendant did not raise this issue in the trial court. Consequently, the trial court has not had an opportunity to rule on defendant's claim.
        Allegations not raised in a Crim.P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review. See People v. Simms, 185 Colo. 214, 523 P.2d 463 (1974); People v. Hampton, 857 P.2d 441 (Colo.App.1992), aff'd, 876 P.2d 1236 (Colo.1994). Accordingly, this appeal must be dismissed.
        We are aware that in People v. Hickey, 914 P.2d 377 (Colo.App.1995), under circumstances similar to those presented here, a division of this court declined to dismiss the appeal and remanded the cause to the trial court with directions to consider the merits of the defendant's claim, provided he filed an appropriate Crim.P. 35(c) motion. In our view, however, remand is not a procedurally appropriate alternative to dismissal where, as here, there is no pending motion for the court to consider on remand. We thus decline to follow Hickey.
        The appeal is dismissed.
        STERNBERG, C.J., and ROTHENBERG, J., concur.