FILED
United States Court of Appeals
Tenth Circuit

May 20, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD WEBSTER,

    Petitioner - Appellant,

v.

SCOTT DAUFFENBACH, Warden;
COLORADO ATTORNEY GENERAL,
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

    Respondents - Appellees.

No. 21-1048
(D.C. No. 1:19-CV-03475-RM)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

Petitioner Ronald Webster, a Colorado state prisoner, seeks a certificate of

appealability (COA) to challenge the district court's denial of his petition for a writ of

habeas corpus under 28 U.S.C. § 2254. Because Webster has failed to satisfy the

standards for issuance of a COA, we deny his request and dismiss this matter.

**I**

In 2011, Webster was convicted by a jury in Colorado state court of one count of

sexual assault on a child, one count of sexual assault on a child-pattern of abuse, two

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

counts of contributing to the delinquency of a minor, and one count of distribution of a controlled substance. Webster was sentenced to a term of imprisonment of 24 years to life. On direct appeal, the Colorado Court of Appeals (CCA) affirmed Webster's conviction. The Colorado Supreme Court denied certiorari.

Webster filed a postconviction motion under Colorado Rule of Criminal Procedure 35(c), which was denied by a Colorado state court in 2015. The CCA affirmed on October 25, 2018, and the Colorado Supreme Court denied certiorari on June 3, 2019.

Webster filed the § 2254 petition at issue here on December 9, 2019, raising the following claims:

> 1(a). Ineffective assistance of trial counsel for failing to use experts in DNA analysis and child forensic interviewing, and for failing to object to the district court's ruling allowing unfettered jury access to an audiotape interview.[1]

> 1(b). Ineffective assistance of appellate counsel for failing to raise the issues of a DNA confrontation violation and admission of res gestae evidence.

---

[1] This latter claim was initially raised by Webster as one for ineffective assistance of both trial and appellate counsel. *See* ROA at 15. The State and the district court initially characterized it as a claim related only to appellate counsel. *See* ROA at 32 (State Pre-Answer Response to Habeas Petition), Dist. Ct. Order for Answer in Part, Dismissal in Part, And State Court Record, ECF No. 17, at 1–2 (June 22, 2020). But upon the State's recognition that the claim was properly brought against trial counsel—which went unchallenged by Webster—the district court characterized this claim as one for ineffective assistance of trial counsel when it ruled on the merits of the § 2254 petition. *See* ROA at 308 (State Answer to Petition), 359 (District Court Order). As explained more below, this did not "open the door" to the merits of considering his other claims of ineffective assistance of appellate counsel, as Webster contends. Aplt. Combined Op. Brief and App. for COA at 17.

2

2(a). The trial court erred by giving improper responses to jury questions suggesting it was having trouble reaching a unanimous verdict, in violation of due process, a fair trial, and the right to an impartial jury.

2(b). Ineffective assistance of trial counsel based on the trial-court error as alleged in claim 2(a).

On June 22, 2020, the district court dismissed with prejudice Webster's 1(b) claims for ineffective assistance of appellate counsel because the claims were procedurally defaulted in state court. The district court pointed to the CCA's decision not to consider Webster's claims of ineffective assistance of appellate counsel because he raised them for the first time on appeal of his Rule 35(c) motion. That decision, the district court concluded, was an independent and adequate state procedural ground that barred federal habeas relief.

The district court later denied claims 1(a), 2(a), and 2(b) on the merits on January 19, 2021. Webster seeks a COA only to appeal the June 22, 2020 order dismissing the 1(b) claims as procedurally defaulted.

**II**

To appeal the district court's order dismissing certain claims in his § 2254 petition, Webster must first obtain a COA. 28 U.S.C. § 2253(c)(1)(A). Because the district court dismissed Webster's claims on procedural grounds, Webster must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3

Because Webster is proceeding pro se, we construe his filings liberally, "but our role is not to act as his advocate." *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

Webster first argues that he properly presented his ineffective assistance of appellate counsel claims to the Colorado courts. He acknowledges that he initially presented these claims as abuses of discretion by the trial court but maintains that "every single one of these errors were attributable first to appellate counsel's failure to raise them on appeal." Aplt. Br. at 16. In his view, to conclude that he did not fairly present these claims to the Colorado courts is "to construe . . . form over substance." *Id.* We disagree. The CCA concluded that the ineffective assistance of appellate counsel claims that Webster *did* raise in his Rule 35(c) motion differed from those he raised on appeal of that motion:

> In his postconviction motion, Webster asserted that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness; specifically, trial counsel's (1) being subject to a conflict of interest because his wife worked for the public defender's office; (2) failing to interview and endorse key witnesses; (3) failing to consult with or call to testify at trial a forensic child interview expert or a DNA expert. In that motion, he also raised, under the heading of abuse of the trial court's discretion, the trial court's alleged evidentiary errors in admitting the DNA and res gestae evidence and in allowing access to the recording. But he did not argue that these were issues that appellate counsel should have raised on appeal. He now asserts that we should liberally construe his motion to include the errors he now raises as ineffective assistance claims in his postconviction appeal. We decline to do so.

ROA at 252.

As the CCA highlighted, "abuse of the trial court's discretion in deciding evidentiary issues and appellate counsel's failure to raise those alleged errors on direct appeal are two distinct issues." *Id.* at 253. The CCA therefore declined to consider those

4

claims that Webster raised for the first time on appeal. The CCA's rule that it will not consider issues raised for the first time on appeal is an independent and adequate state procedural bar. *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) ("A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision. For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." (quotations and citations omitted)); *People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a [Rule] 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review."); *People v. Stovall*, 284 P.3d 151, 153 (Colo. App. 2012) (applying *Goldman* and declining to consider claims not raised in Rule 35(c) motion before the trial court); *People v. Chipman*, 370 P.3d 330, 335 (Colo. App. 2015) (same). We therefore conclude that reasonable jurists could not debate whether the district court's procedural ruling on that ground was correct.

Webster next contends that when the district court later considered his claim regarding the jury access to an audiotape interview, it opened the door to consider his procedurally defaulted claims relating to "DNA confrontation and res gestae" evidence. But upon our review of the record, it is clear that the district court only considered the audiotape interview claim after the state highlighted—and Webster did not challenge—that it was more properly understood as a claim for ineffective assistance of *trial* counsel, not appellate counsel. *See* ROA at 308 (State Answer to Petition), 359 (District Court Order). The district court considered that claim, even though it was procedurally defaulted, pursuant to the Supreme Court's decision in *Martinez v. Ryan*. In that decision,

5

the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. 1, 17 (2012). But "*Martinez* applies only to 'a prisoner's procedural default of a claim of ineffective assistance at *trial*,' not to claims of deficient performance by appellate counsel. *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012) (quoting *Martinez*, 566 U.S. at 9). Therefore, *Martinez* cannot serve as cause to consider Webster's procedurally defaulted claims for ineffective assistance of appellate counsel.

### III

Webster's request for a COA is DENIED, his request to proceed *in forma pauperis* is GRANTED,[2] and the matter is dismissed.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] Given the confusion over the re-classification of the audiotape access claim and the district court's ultimate consideration of that claim subject to *Martinez*, we cannot say that Webster's appeal—though ultimately without merit—was frivolous. Because Webster has demonstrated an inability to pay, we grant his motion to proceed in forma pauperis. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997).

6