23CA2118 Peo v Mullinex 08-21-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA2118
Mesa County District Court No. 00CR543
Honorable Richard T. Gurley, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Shawn Mullinex,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE LIPINSKY
Pawar and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 21, 2025

---

Philip J. Weiser, Attorney General, Brock J. Swanson, First Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Joseph P. Hough, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Shawn Mullinex appeals the Mesa County District Court's (the postconviction court) order denying his most recent Crim. P. 35(c) motion.  We affirm.

## I.     Background

¶ 2     The State charged Mullinex with numerous offenses, as well as three habitual criminal counts.  He pleaded guilty to two of the counts, and a jury convicted him of all but one of the remaining substantive counts.  The district court subsequently found that the prosecution had proved all three habitual criminal counts and adjudicated Mullinex an habitual criminal.  As relevant here, one of the three habitual criminal counts was based on Mullinex's felony menacing conviction (the menacing conviction) in Las Animas County criminal case number 98CR171.

¶ 3     The district court imposed a lengthy, aggregate habitual criminal sentence.  A division of this court affirmed in part and reversed in part the judgment of conviction and sentences, and it remanded the case for the court to merge some of the convictions.  *See People v. Mullinex,* (Colo. App. No. 01CA0754, Nov. 21, 2002) (not published pursuant to C.A.R. 35(f)).  The mandate issued in October 2003.

1

¶ 4        Mullinex filed multiple postconviction motions and appeals, most of which were unsuccessful.  *See People v. Mullinex*, (Colo. App. No. 15CA0565, Feb. 16, 2017) (not published pursuant to C.A.R. 35(e)); *People v. Mullinex*, (Colo. App. No. 06CA0951, Jan. 31, 2008) (not published pursuant to C.A.R. 35(f)).  In September 2018, the postconviction court granted Mullinex's request to amend the mittimus to reflect discretionary, rather than mandatory, parole.

¶ 5        In August 2021, Mullinex filed a pro se Crim. P. 35(c) motion in which he asserted claims of ineffective assistance of counsel and district court error and requested a proportionality review of his sentence.  Among other claims, he argued that the district court erred by adjudicating him an habitual criminal because the menacing conviction was invalid.  The postconviction court appointed alternate defense counsel (ADC) to represent Mullinex in connection with the Crim. P. 35(c) motion.

¶ 6        Around that time, the Las Animas County District Court granted Mullinex's postconviction motion in case number 98CR171, finding that Mullinex had received the ineffective assistance of plea counsel.  The court vacated the menacing conviction, withdrew Mullinex's guilty plea, and reinstated the original charges.

¶ 7     ADC then filed a supplemental Crim. P. 35(c) motion in this case, asserting that the postconviction court was required to accept the Las Animas County District Court's determination and revisit the habitual criminal adjudication. Alternatively, he argued that trial counsel was ineffective for failing to collaterally challenge the now-vacated menacing conviction.

¶ 8     Before the resolution of Mullinex's Crim. P. 35(c) motion in this case, however, a division of this court reversed the Las Animas County District Court's postconviction order entered in case number 98CR171 and reinstated the judgment of conviction. *See People v. Mullinex*, (Colo. App. No. 21CA1485, Sept. 1, 2022) (not published pursuant to C.A.R. 35(e)). The division concluded that the court should have denied as successive the motion filed in case number 98CR171.

¶ 9     Mullinex filed a motion in this case to hold his Crim. P. 35(c) motion in abeyance pending the resolution of his petition for certiorari filed in the supreme court regarding appellate case number 21CA1485. The postconviction court granted the motion to hold the Crim. P. 35(c) motion in abeyance.

3

¶ 10　　After the supreme court denied Mullinex's petition for certiorari, *see Mullinex v. People*, (Colo. No. 22SC783, Mar. 20, 2023) (unpublished order), ADC filed supplemental motions in this case, asserting that, notwithstanding the disposition of the postconviction proceedings regarding case number 98CR171, Mullinex had a viable ineffective assistance claim due to trial counsel's failure to challenge the infirmity of the menacing conviction. ADC also argued that, in addition to trial counsel, postconviction counsel whom the postconviction court appointed in 2005 to represent Mullinex on his first postconviction motion in this case was ineffective for failing to challenge the district court's use of the menacing conviction in case number 98CR171 to adjudicate him an habitual criminal.

¶ 11　　In a written order, the postconviction court denied Mullinex's Crim. P. 35(c) motion, finding that it was successive and untimely and that he failed to establish an exception to those procedural bars.

## II.　Legal Authority and Standard of Review

¶ 12　　Subject to certain enumerated exceptions, a court must deny a Crim. P. 35(c) claim that was, or could have been, raised and

resolved in a prior appeal or postconviction proceeding on behalf of the same defendant.  Crim. P. 35(c)(3)(VI), (VII).

¶ 13    Further, a defendant must file a Crim. P. 35(c) motion within three years of the conviction for an offense other than a class 1 felony.  § 16-5-402(1), C.R.S. 2024; Crim. P. 35(c)(3)(I).  Where, as here, a defendant filed a direct appeal, the term "conviction" in section 16-5-402(1) means the date the mandate issues in the direct appeal affirming the conviction.  *Hunsaker v. People*, 2021 CO 83, ¶ 36, 500 P.3d 1110, 1118; *People v. Hampton*, 876 P.2d 1236, 1240 (Colo. 1994).  But a postconviction claim must be excluded from the three-year time limitation when a trial court finds that the "failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect."  § 16-5-402(2)(d).

¶ 14    We review de novo the summary denial of a Crim. P. 35(c) motion.  *People v. Cali*, 2020 CO 20, ¶ 14, 459 P.3d 516, 519.

### III.    Analysis

¶ 15    We conclude that the postconviction court did not err by denying, as procedurally barred, Mullinex's ineffective assistance claim against trial and postconviction counsel.

¶ 16    First, Mullinex argues that his 2021 motion was timely filed within three years of the 2018 amendment to the mittimus, which corrected an illegality in the parole component of his sentence. The People disagree that the amendment to the mittimus constituted such a correction. Assuming the amendment corrected an illegal sentence, we are not convinced that it rendered the 2021 motion timely filed.

¶ 17    While the correction of an illegal sentence renews section 16-5-402(1)'s three-year time limit for collaterally attacking a judgment of conviction, "the corrected sentence only allows defendants to raise arguments addressing how the illegality in their sentence potentially affected the original conviction." *Hunsaker*, ¶ 3, 500 P.3d at 1112. Mullinex failed to explain how his underlying ineffective assistance claim regarding the habitual criminal adjudication relates to the correction of an illegality in the parole component of his sentence.

¶ 18    Next, Mullinex asserts that, if his motion was untimely, the postconviction court failed to explain why the untimely filing of the motion was not the result of justifiable excuse or excusable neglect. We agree that the court made a *general finding* that the delay was

6

not attributable to justifiable excuse. But we conclude that any error in the sufficiency of the court's finding was harmless. *See People v. Hartkemeyer*, 843 P.2d 92, 92 (Colo. App. 1992) (a court's failure to make findings of fact or conclusions of law in denying a Crim. P. 35(c) motion does not require reversal if the error was harmless).

¶ 19 Mullinex asserted in his motion that he did not timely seek relief because counsel, the prosecution, and the court all advised him that the menacing conviction "was constitutionally sound." The record does not support this assertion.

¶ 20 Accepting as true the allegation that he received such advice, Mullinex nevertheless repeatedly raised postconviction challenges to the validity of his predicate convictions and the use of those convictions to adjudicate him an habitual criminal. Indeed, in a 2014 postconviction motion, Mullinex expressly challenged the validity of the menacing conviction. And, in a 2018 motion to suppress the use of his three prior convictions to adjudicate him an habitual criminal, he argued for the application of the justifiable excuse or excusable neglect exception to the time bar. Finally,

Mullinex challenged the menacing conviction in 2015 and 2018 motions filed in case number 98CR171.

¶ 21  On appeal, Mullinex argues that the untimely filing of the underlying motion was excusable because, before he filed it, he had no reason to know that he had a legitimate claim to collaterally attack the menacing conviction, and the prosecutor's ability to defend against the challenge was not impaired.

¶ 22  Generally, we do not address justifiable excuse or excusable neglect arguments raised for the first time on appeal. *See People v. Ortega*, 899 P.2d 236, 239 (Colo. App. 1994); *see also People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996). But we nevertheless conclude that Mullinex's history of repeatedly challenging the validity of his prior convictions undermines his appellate assertion that he had no reason to know that counsel was allegedly ineffective for failing to challenge the validity of his prior convictions.

¶ 23  Last, Mullinex argues that his motion was not subject to denial as successive because his prior postconviction proceedings and appeals "did not concern [trial counsel] and [postconviction counsel's] failure to investigate, litigate and collaterally attack" the

menacing conviction.  Again, it appears that Mullinex asserts this argument for the first time on appeal.  *See Goldman*, 923 P.2d at 375.  Nevertheless, Mullinex fails to explain why he could not have raised the underlying claim earlier and why a court could not have previously resolved it.  *See* Crim. P. 35(c)(3)(VII).

¶ 24    Likewise, we decline to address arguments raised for the first time in a reply brief.  *See People v. Grant*, 174 P.3d 798, 803 (Colo. App. 2007).  And any claim not reasserted on appeal is abandoned. *See People v. Brooks*, 250 P.3d 771, 772 (Colo. App. 2010).

## IV.  Disposition

¶ 25    The order is affirmed.

JUDGE PAWAR and JUDGE LUM concur.