The **PEOPLE** of the State of Colorado, Plaintiff–Appellant,

v.

Manuel **MARTINEZ,** Defendant–Appellee.

No. 89SA346.

Supreme Court of Colorado, En Banc.

April 23, 1990.

---

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy Dist. Atty., and Michael J. Milne, Sr. Deputy Dist. Atty., Brighton, for plaintiff-appellant.

David F. Vela, State Public Defender, and Peter Sadick, Deputy State Public Defender, Brighton, for defendant-appellee.

Justice ERICKSON.

Pursuant to C.A.R. 4.1, the prosecution has appealed an order of the district court suppressing the defendant's custodial statements to the police. We reverse and remand with directions.

Officer Wegscheider of the Northglenn Police Department received a complaint from the occupant of an apartment that a burglary had occurred and that cans of "Lite" beer, some food, a VCR, and a television set were stolen. The officer was told that the individuals occupying the apartment across the hall were the prime suspects. An investigating officer was granted permission to enter the suspects' apartment and saw a "Lite" beer can with identifying numbers that matched the beer carton in the burglarized apartment. The missing food was also found in the apart-

ment. The defendant was asked where the "Lite" beer came from and told the officers that the beer was purchased at a liquor store. When the officer identified the beer by the serial number, all three of the occupants of the apartment were arrested and charged with second-degree burglary, § 18–4–203, 8B C.R.S. (1986); theft, § 18–4–401, 8B C.R.S. (1986), and conspiracy to commit burglary, § 18–2–201, 8B C.R.S. (1986). All three suspects were taken to the Northglenn police station for interrogation.

Martinez and the other two suspects were interrogated and both of the other suspects confessed. Martinez, from the time that he was first interrogated, denied any knowledge of the burglary and advised Officer Wegscheider that he wanted to talk to his lawyer. Every time he was questioned he made a demand for his lawyer, and was immediately taken back to his cell. After two of the suspects confessed, the defendant was put in a holding area with the other two suspects and Wegscheider remained nearby. Seeing Wegscheider, the defendant attempted to confess and told Officer Wegscheider that he wanted to tell the truth and said that, "I took the food and that was it. That's all I did." Officer Wegscheider replied that he did not want to talk to him anymore and that it was too late. The defendant was in custody and was given proper *Miranda* warnings before being subjected to interrogation. The sole question is whether the facts in this case support suppression of the defendant's statement.

■ Once a defendant who is in custody requests counsel, all police initiated interrogation must cease until the accused has consulted an attorney. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), the Court said: "[A]n accused, . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges or conversations with the police." *Id.* at 484–85, 101 S.Ct. at 1885.

■ A suspect's request for the assistance of counsel is not irrevocable. A suspect may later rescind that decision if he "initiates . further communication, exchanges, or conversations with the police." *Id.* at 485, 101 S.Ct. at 1885. The requirements for admitting statements made by an accused after the right to counsel has been asserted was again set out in *Oregon v. Bradshaw*, 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983). To fall within the exception, an accused must first initiate the conversation with the police and by his comments must "evince[ ] a willingness and a desire for a generalized discussion about the investigation," and not merely question the reasons for custody. *Id.* at 1045–46, 103 S.Ct. at 2835; *People v. Pierson*, 670 P.2d 770, 775 (Colo.1983). Second, under the *Edwards–Bradshaw* test, the prosecution must establish that the statements elicited from the accused during custodial interrogation were *preceded by a valid waiver* of the right to counsel and the right to remain silent. *Id.* A waiver is valid if it is a knowing and intelligent relinquishment of a known right under the totality of the circumstances based "upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1937); *see also Edwards*, 451 U.S. at 482, 101 S.Ct. at 1883; *Bradshaw*, 462 U.S. at 1046, 103 S.Ct. at 2835; *Pierson*, 670 P.2d at 775.

■ The prosecution must prove by clear and convincing evidence that the defendant both understood and agreed to waive his right to counsel. *Pierson*, 670 P.2d at 777. Any ambiguity in determining whether a defendant has waived his rights must be resolved against the prosecution.

Here, Martinez requested his lawyer during the first of the three interrogations. Further interrogation without the presence of counsel violated the clear mandate of *Miranda*. *Edwards* provides a basis for balancing law enforcement's opportunity to question a suspect who desires to waive his right to counsel against persistent questioning of a suspect who has invoked his right to counsel. Officer Wegscheider tes-

tified that during his interrogation of Martinez, he "kept asking for his lawyer." The subsequent interrogations of Martinez ignored the request for counsel and the trial court did not find that the defendant waived his right to counsel.

▮ The court's findings of fact and conclusions of law leave much to be desired and lack the specificity that would enable us to make a proper determination of the constitutional issues in this case without invading the fact-finding province of the trial court. The court said:

It seems to me that the testimony that the Court's heard indicates that there was probable cause for the arrest. The arrest was not illegal and the statement of Mr. Martinez given in the apartment he bought it at a liquor store was not in response to custodial interrogation, was in response to interrogation. But at that point Mr. Martinez wasn't in custody and I'll permit that statement. I'm extremely concerned about the interrogative procedures at the Northglenn Police Department, particularly in view of Officer Wegscheider's statement he kept wanting his lawyer. I'm not going to permit any of that stuff in. That's absolutely prohibitive by all the law that I'm familiar with. The man requests his attorney. That's when everything ceases and you get him his attorney; and if you have a different opinion of the law, I would sure like to hear it. That will be all out.

▮ The mere approval of defendant's motion to suppress, without making any findings whatsoever concerning the matters at issue, is not satisfactory. The trial court must expressly resolve, on the record, the contested factual issues relating to the voluntariness of the confession. When a matter is tried to the court without a jury, the court is under a duty to make findings of fact and to state conclusions of law. *People v. McIntyre*, No. 89SA203, slip op. at 4–5 —— P.2d ——, ——— —— (Colo. Apr. 23, 1990). The additional burden on the trial court is outweighed by significant and substantial benefits to the litigants and to the appellate courts. *Johnson v. State*, 631 P.2d 508, 512–13 (Alaska App.1981); *see Espinoza v. People*, 178 Colo. 391, 395–96, 497 P.2d 994, 996 (1972)

(remanding case for trial court to make specific findings of fact and law on voluntariness of defendant's confession).

Although there was a clear violation of *Edwards* by the police, it does not necessarily follow that the defendant's statement, "I took the food and that was it," must be suppressed as a product of that violation. *Edwards* and *Miranda* only require suppression of statements obtained by means of unlawful custodial interrogation. We cannot determine from this record whether the defendant's statement was the product of interrogation, or its functional equivalent, in violation of *Edwards*, or whether it was a volunteered statement. *See Rhode Island v. Innis*, 446 U.S. 291, 301–02, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980).

Accordingly, we reverse the suppression order and remand for further findings of fact and conclusions of law to determine whether the questioned statement was obtained as a product of custodial interrogation in violation of *Edwards* and *Miranda*.