**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Lawrence L. MARCELLUS,
Defendant–Appellant.**

No. 88CA1696.

Colorado Court of Appeals,
Div. I.

May 23, 1991.

As Modified on Denial of Rehearing
July 11, 1991.

Certiorari Denied Nov. 12 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Warren T. Marshall, Sp. Deputy State Public Defender, Canon City, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Lawrence L. Marcellus, appeals the judgment of conviction entered upon a jury verdict finding him guilty of first degree murder. Defendant argues, among other things, that the trial court erred in admitting his videotaped confession because it was obtained in violation of his Fifth and Fourteenth Amendment rights as implemented by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We agree. Thus, we reverse and remand for a new trial.

Defendant and his wife were arrested for aggravated robbery. While in custody on the robbery charge, a police detective informed defendant of his *Miranda* rights and interviewed him with respect to that charge. He denied the allegation, but when asked if he would be willing to put his statement in writing, defendant refused and requested that he be allowed to speak with a lawyer. At this point, the police detective terminated the interview, and defendant was placed in a detention cell.

The next day, defendant was taken to court where he was advised of his right to counsel, and he requested representation by the public defender. At some time, either before or after this advisement and request for representation, defendant spoke with his wife and told her to speak with the police respecting a killing.

Later that same day, police learned that the father of defendant's wife had been told that defendant had killed someone. Upon learning this, the police contacted defendant's wife to determine the validity of that information. When the wife was questioned, she stated to the police detective, "I knew you were coming. My husband told me to talk to you." The wife then gave a detailed statement in which she implicated defendant in the commission of the murder.

While the wife was still being interrogated, and at a time before counsel had been appointed for defendant, another police detective removed defendant from his detention cell and escorted him to a room in the

police homicide bureau in order to interrogate him concerning the murder. Upon entering this room, defendant volunteered that he "knew what this was all about." He asked whether the detective had spoken with his wife, and when informed that she had been questioned, defendant stated, "I told her to come talk to you." Defendant was then given a proper *Miranda* warning, and, in answer to inquiries by the officers, he confessed to the killing that formed the basis for the present charge.

Before the trial court, the defendant moved to suppress this statement, arguing that, after requesting counsel, he did not initiate any further communications with the police and, thus, did not waive his Fifth and Fourteenth Amendment rights to have counsel present during any further police interrogation. The trial court found, however, that defendant's instructions to his wife to speak with the police constituted an implied request that they speak with him also. Hence, the court denied defendant's motion to suppress and admitted defendant's confession into evidence.

## I.

Defendant argues that the trial court erred in finding that he had initiated further communications with the police, after initially invoking his right to counsel, merely by telling his wife to speak with them. We agree.

■ Once a criminal defendant has invoked his right to deal with police only through counsel, he may not be subjected to further interrogation until counsel has been made available to him, unless the defendant himself first initiates further communications with the police. *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *People v. Martinez*, 789 P.2d 420 (Colo.1990). And, an accused initiates a conversation with police only when his comments "evidence a willingness and a desire for a generalized discussion about the investigation." *Oregon v. Bradshaw*, 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983).

■ The *Edwards* rule extends even to the police investigation of a separate matter, so that a defendant who has requested the assistance of counsel in response to police questioning respecting one charge cannot be re-interviewed by police concerning a separate offense, unless counsel is first provided to him. *Minnick v. Mississippi*, 498 U.S. ——, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990); *Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988).

■ We do not consider the recent opinion in *McNeil v. Wisconsin*, —— U.S. ——, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991), to have modified the rule in *Edwards* and the later cases of *Roberson* and *Minnick*. *McNeil* involved the offense-specific right to counsel under the Sixth Amendment, which attaches only at the commencement of judicial proceedings. Thus, McNeil's request for counsel at a preliminary bail hearing on one charge did not invoke his general right to counsel under the Fifth Amendment and *Miranda* with respect to the investigation of a separate crime, at least in the presence of a later express waiver of that right after a proper *Miranda* advisement. Here, in contrast, the defendant initially invoked his general Fifth Amendment right during his first custodial interrogation, and the fact that he later also invoked his Sixth Amendment right at the time of his arraignment did not dilute the effect of his initial request for counsel under the Fifth Amendment.

■ A waiver of the right to counsel under the Fifth Amendment, as implemented by *Miranda*, is valid only if it is knowing and intelligent relinquishment of such right. And, the question whether a defendant has waived that right must be determined by "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." *Edwards v. Arizona, supra*, quoting *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *People v. Pierson*, 670 P.2d 770 (Colo.1983).

Here, it is undisputed that, before he made any statements respecting the present charge, defendant, while in custo-

dy, requested to speak with a lawyer and also later requested that the public defender be appointed to represent him. The trial court properly found that defendant's Fifth Amendment right to have counsel present at any further interrogation had previously attached. Thus, the sole question before us is whether the record supports the trial court's determination that defendant knowingly and intelligently waived that right by any later actions or statements.

■ The trial court's determination that defendant had waived his right to have counsel present at his interrogation under *Miranda* by initiating a further conversation with the police was grounded solely upon his request to his wife that she speak with the police. The court concluded that this act by defendant "set into motion a series of events ... from which any reasonable person could conclude that [he] would be contacted personally by the police." Thus, it concluded that, by telling his wife to speak with law enforcement agents, defendant must, necessarily, have intended to have them speak with him, as well.

Even if we assume that a defendant may knowingly initiate further conversation with police by means of a third party for purposes of the *Edwards* rule, we conclude, nevertheless, that the trial court's determination, although viewed as a factual inference, lacks proper record support.

Courts must indulge every reasonable presumption against, not in favor of, a waiver of constitutional rights. *See Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977).

Here, there is only one suggestion in the record as to defendant's motive in directing his wife to speak with the police about the killing. Both defendant and his wife were being retained by the authorities, and defendant expressed concern that, unless his wife spoke with police to exonerate herself from any connection with the killing, both she and defendant would continue to be retained, and they would both be deprived of the custody of their young child. However, by exonerating herself, the wife could be released to care for that child.

Under these circumstances, we conclude that it is unreasonable to infer that defendant's desire to have his *wife* speak with police indicates an intent to initiate further conversations with them himself. And, simply because it is foreseeable that the police would want to speak with defendant once his wife made her statements, this fact alone does not show a waiver by defendant of his right to have counsel present during any interrogation.

■ Further, the record does not establish that defendant's statements to his wife took place after his request to have an attorney appointed to represent him. Even if a criminal defendant could unambiguously indicate an intent to waive his Fifth Amendment right to counsel based on statements he made to his wife, certainly no statements made prior to his assertion of his Fifth Amendment right can be used to establish a waiver of that right. *See People v. Johnson,* 712 P.2d 1048 (Colo. App.1985) (once defendant requests representation by public defender, failure to provide defendant with a public defender or private attorney before initiating further communication with him violates the *Edwards* rule).

For these reasons, we conclude that the trial court erred in finding that defendant initiated further conversations with police after invoking his right to counsel. Accordingly, we also conclude that the court erred in refusing to suppress defendant's confession.

## II.

Defendant also argues that the trial court erred in holding that he had waived one or both of the spousal privileges created by § 13–90–107(1)(a)(I), C.R.S. (1987 Repl.Vol. 6A). However, because the wife was not called as a witness to testify and the issue was presented only during the course of the suppression hearing, it is not evident that the same issue will be present-

ed during the course of any new trial. Even if the issue is then presented, the circumstances may be sufficiently different upon retrial as to make any opinion that we might now render upon that issue more academic than useful. Hence, we decline to address that issue in this appeal.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for a new trial.

PIERCE and REED, JJ., concur.