**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD THORNTON,

      Petitioner - Appellant,

v.

BARRY GOODRICH, Warden, BCCF;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents - Appellees.

No. 15-1225
(D.C. No. 1:15-CV-00432-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

---

Petitioner Richard Thornton appeals the district court's denial of a § 2254

habeas petition in which he challenged his state court convictions for two drug-

related crimes.

In his federal habeas petition, Petitioner raised a single claim for relief,

which was based on the state courts' rejection of his motion to suppress evidence

obtained as the result of a traffic stop and search of his vehicle. The federal

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

district court rejected this claim pursuant to *Stone v. Powell*, 428 U.S. 465 (1976), which holds that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494 (footnote omitted). Based on this rule, the district court dismissed Petitioner's habeas petition with prejudice. In so doing, the district court did not address or consider Petitioner's argument that the *Stone* rule should not bar his claim for habeas relief because the state courts handled his Fourth Amendment claim in such a way that he cannot be considered to have received a "full and fair" opportunity to litigate this claim.

A judge of this court concluded that Petitioner's allegations were sufficient to raise a reasonably debatable question as to whether Petitioner received a full and fair opportunity to litigate his Fourth Amendment claim. The judge accordingly granted Petitioner's request for a certificate of appealability and ordered Respondents to file a response brief addressing this question.

Respondents have now filed a response brief, in which they suggest that the case should be remanded for the district court to address the *Stone* issue after reviewing the state court record, which was not considered by the district court before and is not included in the record before us on appeal. We agree that this would be the most appropriate course of action. We will accordingly remand this

case for the district court to consider this issue with the benefit of the state court record and full briefing from both parties.

Petitioner has filed several motions with this court, including a motion for an evidentiary hearing and for the appointment of counsel to represent him on appeal, a motion for an extension of time to file a reply brief, a motion to replace lost files, and a motion to expand the record. Because we are remanding this case for further consideration by the district court, none of the requested relief is necessary to our resolution of this appeal. We will therefore deny all of these motions. As necessary, appropriate motions may be filed in the district court proceedings on remand.

The district court's dismissal of Petitioner's § 2254 habeas petition is **REVERSED** and **REMANDED** for further consideration. We **GRANT** Petitioner's motion to proceed *in forma pauperis* on appeal. All other pending motions are **DENIED**.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge