**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY FULLER,

  Petitioner - Appellant,

v.

WARDEN, Arkansas Valley Correctional
Facility; THE ATTORNEY GENERAL
OF THE STATE OF COLORADO,

  Respondents - Appellees.

No. 17-1063
(D.C. No. 1:16-CV-00891-RBJ)
(D. Colo.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY,** and **McHUGH**, Circuit Judges.

  Petitioner Larry Fuller, a pro se[1] litigant and Colorado state prisoner, seeks a

certificate of appealability ("COA") to challenge the district court's denial of his petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also seeks leave to proceed

---

  [*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

  [1] Because Mr. Fuller is appearing pro se, we "review his pleadings and other
papers liberally and hold them to a less stringent standard than those drafted by
attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). "[T]his rule of
liberal construction stops, however, at the point at which we begin to serve as his
advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

on appeal in forma pauperis. Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I.     BACKGROUND

Mr. Fuller was arrested in July 2008 when police found a suitcase containing a mobile methamphetamine lab in his possession. In March 2009, a jury convicted Mr. Fuller of possession of chemicals or supplies to manufacture a controlled substance, in violation of Colorado Revised Statutes § 18-18-405(1)(a). After determining that Mr. Fuller was a habitual criminal, the state trial court sentenced him to 96 years' imprisonment.

Mr. Fuller filed a direct appeal of his conviction and sentence, raising the following five contentions: (1) the trial court erred when it denied his motion to suppress; (2) the prosecution presented insufficient evidence to support his conviction; (3) the trial court's sentence of 96 years was constitutionally disproportionate; (4) the trial court violated his Sixth Amendment right to confrontation; and (5) the trial court violated his Sixth Amendment right to a jury trial. The Colorado Court of Appeals addressed and rejected each of these claims and affirmed Mr. Fuller's conviction and sentence. The Colorado Supreme Court denied his petition for certiorari.

Thereafter, Mr. Fuller filed a motion for postconviction relief under Colorado Rule of Criminal Procedure 35(c), which the state postconviction court summarily denied. Mr. Fuller then appealed the denial, asserting that (1) his sentence was illegal, (2) police illegally searched and seized evidence, (3) the jury was not fair and impartial, (4) his counsel was ineffective, and (5) the prosecution knowingly presented perjured testimony.

2

The Colorado Court of Appeals rejected all of Mr. Fuller's contentions on either substantive or procedural grounds, and the Colorado Supreme Court again denied further review.

On April 19, 2016, Mr. Fuller timely filed the underlying 28 U.S.C. § 2254 habeas petition in the United States District Court for the District of Colorado. In the petition, he asserted eight grounds for relief, which the district court accurately summarized as follows:

1. [Mr. Fuller]'s Fourth Amendment rights were violated when the trial court failed to suppress the contents of a suitcase that was seized illegally.

2. [Mr. Fuller]'s Fifth Amendment due process rights were violated when the prosecution knowingly presented, and the trial court knowingly allowed the jury to hear, perjured testimony by a police officer.

3. There was insufficient evidence to prove beyond a reasonable doubt that [Mr. Fuller] knew the suitcase contained chemicals for making methamphetamine.

4. [Mr. Fuller]'s due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), *California v. Trombetta*, 467 U.S. 479 (1984), and *Arizona v. Youngblood*, 488 U.S. 51 (1988), were violated by the police's failure to test the suitcase for fingerprints before having it destroyed.

5. [Mr. Fuller]'s right to an impartial jury under the Sixth and Fourteenth Amendments was violated by the trial court's failure to inquire into the prosecutor's alleged improper and/or ex-parte disclosure of [Mr. Fuller's] prior convictions to the jury.

6. [Mr. Fuller]'s right to an impartial jury under the Sixth and Fourteenth Amendments was violated by the trial court's mailing of letters to jurors, after the defense sought their contact information, ensuring they knew they were not required to speak with anyone about their jury service.

7. [Mr. Fuller]'s right to a jury trial, as interpreted in *Blakely v. Washington*, 542 U.S. 296 (2004), was violated when the trial court, rather than the jury,

3

made the sentence-enhancing determination that [Mr. Fuller's] conviction constituted his second conviction for such an offense.

8. [Mr. Fuller]'s Sixth Amendment right to the effective assistance of counsel was violated when counsel: (1) failed to investigate fully all of the charges and evidence against [Mr. Fuller]; (2) failed to obtain expert testimony on issues dealing with the chemical make-up and manufacture of methamphetamines; (3) failed to consult with experts in the field of [those topics]; (4) relied only on the prosecution's expert witnesses on matters relating to [those topics]; (5) failed to inform [Mr. Fuller] that the prosecution had given notice of intent to file habitual criminal charges, when the prosecution had stated that no [such] charges would be filed if he waived his preliminary hearing; (6) failed to request a postponement of the preliminary hearing to determine if the prosecutor's actions in coercing and/or inducing [Mr. Fuller] to waive [that] hearing constituted illegal and/or unethical behavior; (7) failed to argue that the prosecution had illegally coerced and/or induced [Mr. Fuller]'s waiver of [that] hearing; (8) failed to adequately argue that the evidence used against [Mr. Fuller] was illegally seized; (9) failed to argue that the prosecution knew that [Mr. Fuller]'s convictions were obtained through the use of perjured testimony; (10) failed to argue that the court knew that [Mr. Fuller]'s convictions were [so] obtained . . . ; (11) failed to adequately argue that the evidence against [Mr. Fuller] was insufficient to establish his guilt beyond a reasonable doubt; (12) failed to adequately argue that the evidence used against [Mr. Fuller] was knowingly and intentionally destroyed by [police], thereby depriving him of the use of materially exculpatory evidence . . . to prove his "actual innocence"; (13) failed to subject the prosecution's case to meaningful adversarial testing; (14) failed to use the photos taken from [a] surveillance video to impeach and/or rebut [Officer] Baxter's testimony regarding the suitcase; (15) failed to inform [Mr. Fuller] that the prosecution had violated his right to an impartial jury trial when it engaged in *ex parte* communications with the jury; (16) failed to adequately argue that the prosecution had violated [that] right [in that way]; (17) failed to inform [Mr. Fuller] that the trial judge violated his right to an impartial jury trial when he engaged in *ex parte* communications with the jury; (18) failed to adequately argue that the trial judge violated [Mr. Fuller]'s right to an impartial jury trial when he engaged in *ex parte* communication(s) with the jury; (19) failed to argue that the trial judge violated [Mr. Fuller]'s right to a jury trial on the [count of possessing supplies to manufacture methamphetamine] by utilizing facts and evidence not presented to the jury in order to substantially modify the sentencing range of [that] count; and, (20) met with [Mr. Fuller] only four times over the course of one year for a total of two hours.

4

Upon order of the court, the Colorado state respondents ("Respondents") filed a pre-answer response addressing, among other things, whether Mr. Fuller had exhausted his state-court remedies or procedurally defaulted any of his claims. Respondents conceded that Mr. Fuller's Fourth Amendment claim (claim one) was properly exhausted but argued that his insufficient-evidence claim (claim three) was unexhausted. They further contended that Mr. Fuller's remaining claims (claims two, four, five, six, seven, and eight) were procedurally defaulted.

On June 15, 2016, the district court entered an order addressing these issues. As for exhaustion, the district court accepted Respondents' concession that Mr. Fuller had exhausted his state-court remedies with respect to claim one but rejected their assertion that he had not exhausted claim three, concluding instead that he had.[2] The district court further agreed with Respondents that claims two, four, five, six, seven, and eight were procedurally defaulted. However, the court deferred its ruling on claim eight—which, as noted, embodied 20 separate allegations of ineffective assistance of counsel—because it could not determine without the state court record whether that claim fell within the exception to procedural default recognized in *Martinez v. Ryan*, 566 U.S. 1 (2012).[3]

---

[2] Because Respondents do not challenge the district court's conclusion that claim three was properly exhausted, and because it does not affect our resolution of Mr. Fuller's application for a COA, we assume for present purposes that the district court's conclusion was correct.

[3] The *Martinez v. Ryan* Court held: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of

Accordingly, the district court dismissed claims two, four, five, six, and seven with prejudice, and ordered Respondents to file an Answer addressing (1) the merits of claims one and three, and (2) whether claim eight fell within the exception from *Martinez.*

On January 18, 2017, after additional briefing, the district court issued an order disposing of Mr. Fuller's three remaining habeas claims. First, the district court examined Mr. Fuller's Fourth Amendment claim (claim 1) and his insufficient-evidence claim (claim 3), and denied both on the merits. The court then reviewed Mr. Fuller's 20 ineffective-assistance subclaims (claim 8) and dismissed them all as procedurally barred because they were not "substantial" within the meaning of *Martinez.* The district court therefore denied Mr. Fuller's § 2254 petition in full and declined to issue a COA. In addition, the court denied Mr. Fuller leave to proceed in forma pauperis.

Proceeding pro se, Mr. Fuller timely filed a notice of appeal and a combined opening brief and application for a COA.

## II.    DISCUSSION

Mr. Fuller seeks a COA for six of the eight claims he raised below, arguing the district court erred in deeming his second, fifth, sixth, and eighth claims procedurally barred, and in rejecting his first and third claims on the merits.[4] He also asks for leave to proceed in forma pauperis.

---

ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. 1, 17 (2012).

[4] Mr. Fuller does not seek to appeal the district court's denial of the fourth and seventh claims raised in his § 2254 petition.

We lack jurisdiction to consider the merits of Mr. Fuller's habeas appeal unless he obtains a COA, *see* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), and we may grant him a COA only if he makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). To make that showing, Mr. Fuller need not prove the ultimate validity of his claims, but he must show "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338 (internal quotation marks omitted). Specifically, with respect to claims the district court denied on the merits, Mr. Fuller must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And for any claim the district court denied on procedural grounds, Mr. Fuller must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

Here, we conclude Mr. Fuller has not made the requisite showing on any of the claims for which he seeks a COA, and we therefore deny his application. To explain our decision, we address each of the relevant claims in turn, beginning with claims dismissed on procedural grounds before turning to those denied on the merits. Last, we address and reject Mr. Fuller's request to proceed in forma pauperis.

### A. Claims the District Court Dismissed on Procedural Grounds

As noted above, there are two components to the question whether a federal appellate court should grant a COA for a habeas claim dismissed on procedural grounds:

7

"one directed at the underlying constitutional claim[ itself] and one directed at the district court's procedural holding." *Slack v. McDaniel*, 529 U.S. 473, 485 (2000). Because we ordinarily "will not pass upon a constitutional question . . . if there is also present some other ground upon which the case may be disposed of," we generally address first the issue of whether the district court's procedural ruling is reasonably debatable. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of [a claim], a reasonable jurist could not conclude either that the district court erred in dismissing the [claim] or that the petitioner should be allowed to proceed further [on that claim]." *Id.* at 484.

A claim that has been defaulted in state court on an independent and adequate state procedural ground generally cannot be considered in a federal habeas proceeding. *Fairchild v. Workman*, 579 F.3d 1134, 1141 (10th Cir. 2009). A state procedural ground is independent "if it relies on state law, rather than federal law," *id.* (internal quotation marks omitted), and it is adequate if it was "firmly established and regularly followed by the time as of which it is to be applied," *Anderson v. Att'y Gen. of Kan.*, 342 F.3d 1140, 1143 (10th Cir. 2003) (internal quotation marks omitted). In addition, a claim that was not presented in state court, and thus is not exhausted, may nonetheless be subject to "anticipatory procedural bar" in a federal habeas proceeding. *See Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014). Anticipatory procedural bar applies to claims which were not presented in state court but which "would be procedurally barred under state law if the petitioner returned to state court to [present them]." *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002).

8

A federal habeas court may consider a procedurally barred claim only if the petitioner can show either (1) "cause" for failing to properly raise the claim in state court, and resulting "prejudice"; or (2) that failure to consider the claim in the habeas proceeding would result in "a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Frost*, 749 F.3d at 1231.

Applying these principles here, we conclude reasonable jurists could not debate the district court's determinations that Mr. Fuller's second, fifth, sixth, and eighth claims are procedurally barred and that Mr. Fuller has not established any exception allowing those barred claims to be heard anyway.

### 1. Claim Two

In claim two, Mr. Fuller argues that his Fifth Amendment due process rights were violated when the prosecution knowingly presented, and the trial court knowingly allowed, perjured testimony by a police officer. But as the district court noted, the Colorado Court of Appeals rejected this claim as procedurally barred for two reasons: (1) Mr. Fuller did not raise the claim in his state postconviction motion; and (2) he did not raise the claim on direct appeal. And as the district court explained, both of these reasons amount to independent and adequate state procedural grounds. *See, e.g.*, *Craig v. People*, 986 P.2d 951, 965 (Colo. 1999) ("Because [the defendant] did not raise the specific theories upon which he now relies in his post-conviction motion, they are not properly before the appellate courts." (footnote omitted) (citing *People v. Simms*, 523 P.2d 463, 465 (Colo. 1974))); Colo. R. Crim. P. 35(c)(3)(VII) (stating general rule that a court "shall deny any claim [raised in a postconviction motion] that could have been

9

presented in an appeal previously brought"); *see also LeBere v. Abbott*, 732 F.3d 1224, 1233 & n.13 (10th Cir. 2013) (stating that a Colorado appellate court's denial of a claim that could have been raised on direct appeal under Colo. R. Crim. P. 35(c)(3)(VII) is an independent and adequate state procedural ground generally barring federal habeas review).

In his brief to this court, Mr. Fuller does not challenge the district court's conclusion that these alternative rationales are independent and adequate state procedural grounds. Rather, he asserts "the district court erred in finding that [he] had failed to allege sufficient facts to meet the cause and prejudice standard or the fundamental miscarriage of justice exception to excuse his procedural default."[5] But Mr. Fuller does not offer any explanation beyond this conclusory statement, and our review of the record supports the district court's conclusion that "Mr. Fuller d[id] not allege facts in [his] § 2254 Application to meet the cause and prejudice standard, or fundamental miscarriage of justice exception."

Accordingly, we conclude reasonable jurists could not debate the district court's determination that claim two is procedurally barred. We therefore deny Mr. Fuller's request for a COA on claim two.

### 2. Claims Five and Six

In claims five and six, Mr. Fuller contends that his Fifth and Sixth Amendment rights were violated when the trial court failed to hold a hearing to investigate the

---

[5] Mr. Fuller also raises several arguments concerning the substantive merits of this claim, but these arguments are not relevant to the district court's procedural ruling.

10

prosecution's alleged improper *ex parte* communications with the jurors and when the trial court itself allegedly engaged in improper *ex parte* communications with the jurors. Although Mr. Fuller conceded in his § 2254 petition that these claims were "not properly brought before the state courts and [are], therefore, procedurally barred," he argued his procedural default should be excused under the cause-and-prejudice and/or fundamental-miscarriage-of-justice exceptions. Specifically, he claimed the default should be excused because he did not learn of the alleged communications "until after his direct appeal and postconviction proceedings were exhausted due to the acts/omissions of defense counsel in withholding this information from him."

The district court disagreed, reasoning that claims five and six could have been raised on direct appeal because, according to Mr. Fuller, his defense counsel knew of the facts underlying those claims at that time. The court further concluded that counsel's failure to raise the claims on direct appeal cannot excuse the procedural default because Mr. Fuller did not exhaust a claim for ineffective assistance of appellate counsel, and any new attempt to do so would be procedurally barred in the state courts.

Here, Mr. Fuller argues that "the District Court applied an incorrect legal standard when it found [he] failed to allege grounds that constitute cause for his procedural default on [claims five and six]." According to Mr. Fuller, he "is not arguing an ineffective assistance of counsel claim," but is instead claiming that "defense counsel's failure to apprise him of . . . *ex parte* and improper communications with jurors" is sufficient cause to excuse his default of these claims. We reject this argument and conclude the district court's resolution of claims five and six is not reasonably debatable.

11

First, to the extent Mr. Fuller is arguing his counsel was not ineffective but nonetheless acted, or failed to act, in a way which resulted in a procedural default, that action or inaction cannot amount to cause excusing the default. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective . . . , we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default. Instead, we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.").

On the other hand, if Mr. Fuller actually is attempting to use an ineffective assistance of counsel claim as cause to excuse the default, such a claim must first be exhausted in state court. *See id.* at 489 ("[A] claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."). As the district court noted, Mr. Fuller has not exhausted a claim of ineffective assistance of counsel with regard to either claim five or claim six. And reasonable jurists could not debate the district court's conclusion that such a claim is subject to anticipatory procedural bar because any new attempt to bring the claim in state court would be barred under state procedural rules. *See* Colo. R. Crim. P. 35(c)(3)(VII); Colo. Rev. Stat. § 16-5-402 (imposing three-year statute of limitations on collateral attacks to convictions for most felonies); *see also Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding that "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted").

12

In sum, Mr. Fuller has not shown that reasonable jurists could debate the district court's conclusion that he did not establish a viable excuse for his procedural default of claims five and six. Accordingly, we deny Mr. Fuller's request for a COA on these claims.

### 3. Claim Eight

In claim eight, Mr. Fuller asserts 20 different grounds or subclaims of ineffective assistance of counsel ("IAC"). *See supra* pp. 4–5. Although the district court initially found that all 20 subclaims were procedurally barred,[6] it also recognized that, because Mr. Fuller was not appointed counsel in his state postconviction proceeding, the Supreme Court's narrow holding in *Martinez v. Ryan*, 566 U.S. 1 (2012), could allow Mr. Fuller to bypass the procedural bar. In *Martinez*, the Court held that "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim" if "the state courts did not appoint counsel in the . . . collateral proceeding" and the "prisoner [can] demonstrate that the underlying [ineffective-assistance claim] is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 14. Applying *Martinez*'s standard in this case, the district court later determined that, under the performance and prejudice test of *Strickland v. Washington*,

---

[6] The district court concluded that the subclaims Mr. Fuller presented in state court had been procedurally defaulted on independent and adequate state grounds, and that Mr. Fuller had "committed an anticipatory procedural default" of the remaining subclaims because they would now be rejected by the state courts "as successive under [Colorado Rule of Criminal Procedure] 35(c)(3)(VII), or time-barred under [Colo. Rev. Stat.] § 16-5-402."

13

466 U.S. 668, 687 (1984), none of Mr. Fuller's IAC subclaims were substantial. Thus, the court dismissed claim eight as procedurally barred.

Here, Mr. Fuller concedes that all of his IAC subclaims otherwise would be procedurally barred and that the *Martinez* framework controls whether he has shown cause to overcome the bar. He argues, however, that "the district court erred when it relied solely on *Strickland* to decide [his IAC] claims" were not substantial under *Martinez*. In particular, Mr. Fuller contends that *Strickland*'s prejudice prong should be presumed under *United States v. Cronic*, 466 U.S. 648, 659 (1984), because "defense counsel was unable to subject the prosecution's case to *meaningful adversarial testing*." But Mr. Fuller's reliance on *Cronic*'s presumption is misplaced.

> In *Bell v. Cone*, the Supreme Court clarified its holding in *Cronic* as follows:
>
> When we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that *the attorney's failure must be complete*. We said "if counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing." *Cronic*, [466 U.S. at 659] (emphasis added). Here, respondent's argument is not that his counsel failed to oppose the prosecution throughout the . . . proceeding as a whole, but that his counsel failed to do so at specific points. For purposes of distinguishing between the rule of *Strickland* and that of *Cronic*, this difference is not of degree but of kind.

535 U.S. 685, 696–97 (2002) (first emphasis added). Mr. Fuller has not shown that his defense counsel "entirely failed" to test the prosecution's case. To the contrary, as the district court detailed, Mr. Fuller's counsel submitted various motions and arguments, cross-examined the state's witnesses, made opening and closing statements, and presented evidence on Mr. Fuller's behalf. Thus, if defense counsel failed to oppose the prosecution's case at all, the failure was "at specific points," and not "throughout the . . .

14

proceeding as a whole." *Id.* at 697. In other words, the alleged errors of which Mr. Fuller complains are "of the same ilk as other specific attorney errors [the Supreme Court has] held subject to *Strickland*'s performance and prejudice components." *Id.* at 697–98. We therefore reject Mr. Fuller's argument that the district court erred by applying *Strickland* and not *Cronic*.

Moreover, we conclude reasonable jurists could not debate the district court's thorough analysis concluding that all of Mr. Fuller's IAC subclaims lack merit under the *Strickland* test and therefore are not substantial under *Martinez*. Indeed, Mr. Fuller does not challenge the merits of that analysis; he argues only that prejudice should have been presumed in the first place under *Cronic*. Because Mr. Fuller has not demonstrated that any of his admittedly defaulted IAC subclaims fall within *Martinez*'s narrow exception to procedural bar, reasonable jurists could not debate the district court's conclusion that claim eight is procedurally barred. Accordingly, we deny Mr. Fuller's request for a COA on that claim.

### B. Claims the District Court Adjudicated on the Merits

Because the district court dismissed the remaining constitutional claims raised in Mr. Fuller's § 2254 petition—claims one and three—on the merits, we evaluate Mr. Fuller's request for a COA on these claims under a slightly different framework than we applied to his claims dismissed on procedural grounds.

To make the "substantial showing of the denial of a constitutional right" necessary for obtaining a COA on claims one and three, Mr. Fuller must "demonstrate that reasonable jurists would find the district court's assessment of [these] claims debatable or

15

wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On our end, the COA determination "requires an overview of the claims in [Mr. Fuller's] habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). And because Mr. Fuller's first and third claims were adjudicated on the merits in state court, we must incorporate into our COA analysis the deference for state court decisions demanded by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Davis v. McCollum*, 798 F.3d 1317, 1319 (10th Cir. 2015). Under AEDPA, a federal court may grant habeas relief only if the state court's merits decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

So, here, the pertinent question for COA purposes is not whether reasonable jurists could debate a district court determination that the state court's decision was not *wrong*. Rather, the question is whether reasonable jurists could debate the district court's conclusion that the state court's decision was not *unreasonable*, "either as a determination of fact or as an application of clearly established federal law." *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004). In other words, "[w]e look to the District Court's application of AEDPA to [Mr. Fuller]'s constitutional claims and ask whether *that* resolution was debatable amongst jurists of reason." *Miller-El*, 537 U.S. at 336 (emphasis added).

16

Addressing each of Mr. Fuller's remaining habeas claims in turn, we conclude reasonable jurists could not debate the district court's determination that, viewed through the lens of AEDPA, both are without merit.

### 1. Claim One

In claim one, Mr. Fuller argues that his Fourth Amendment rights were violated when the state trial court failed to suppress evidence obtained through an illegal search and seizure of a suitcase containing a mobile methamphetamine lab. The district court properly concluded that its analysis of claim one was governed by the Supreme Court's decision in *Stone v. Powell*, where the Court held that "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial" so long as "the State . . . provided [the prisoner] *an opportunity for full and fair litigation* of a Fourth Amendment claim." 428 U.S. 465, 494 (1976) (emphasis added). After evaluating in detail the state-court proceedings in which Mr. Fuller's Fourth Amendment claim was addressed, the district court determined Mr. Fuller was given an opportunity for full and fair litigation of a Fourth Amendment claim in state court and therefore dismissed claim one.

For the foregoing reasons, we conclude reasonable jurists could not debate the district court's decision on this matter. Although the *Stone* Court did not explain what an "opportunity for full and fair litigation" entails, we have long interpreted it as "requir[ing] at least 'the procedural opportunity to raise or otherwise present a Fourth Amendment claim,' a 'full and fair evidentiary hearing,' and 'recognition and at least colorable application of the correct Fourth Amendment constitutional standards.'" *United States v.*

17

*Lee Vang Lor*, 706 F.3d 1252, 1258 (10th Cir. 2013) (quoting *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978)). Here, Mr. Fuller filed a motion to suppress the relevant evidence before trial, and the state trial court denied the motion after conducting an evidentiary hearing. Later, when Mr. Fuller moved to reopen the suppression hearing based on new evidence, the state court reviewed the new evidence *in camera* and considered arguments from both sides before denying that motion. And on direct appeal, the Colorado Court of Appeals applied settled Fourth Amendment law in concluding that "the contents of the suitcase were admissible under the plain view exception to the warrant requirement, and the trial court did not err in denying [Mr. Fuller]'s motion to suppress."

Based on this record, the district court's conclusion that Mr. Fuller was afforded a full and fair opportunity to litigate his Fourth Amendment claim in state court is not reasonably debatable. Indeed, Mr. Fuller does not debate it. Rather, he presents various arguments for why he believes the state courts' merits decisions were wrong under federal law. But the ultimate accuracy of a state court's legal analysis is not relevant to the inquiry required by *Stone* unless "the state court willfully refuse[d] to apply the correct and controlling constitutional standards." *Gamble*, 583 F.2d at 1165. And to the extent Mr. Fuller is arguing the latter scenario occurred in this case, that argument is not supported by the record: in analyzing and rejecting Mr. Fuller's Fourth Amendment claim, the state courts relied exclusively on either controlling United States Supreme Court precedent, or Colorado precedent that in turn relied on controlling Supreme Court precedent.

18

We therefore conclude reasonable jurists could not debate the district court's determination that Mr. Fuller is not entitled to federal habeas relief on his Fourth Amendment claim because the state courts provided him a full and fair opportunity to litigate that claim. Accordingly, we deny Mr. Fuller's request for a COA on claim one.

### 2. Claim Three

In claim three, Mr. Fuller contends there was insufficient evidence to prove beyond a reasonable doubt that he knew the suitcase contained chemicals and supplies for making methamphetamine, as was required for his conviction. *See* Colo. Rev. Stat. § 18-18-405(1)(a) ("[I]t is unlawful for any person knowingly to . . . possess one or more chemicals or supplies or equipment with intent to manufacture a controlled substance."). Mr. Fuller presented this claim on direct appeal, and the Colorado Court of Appeals rejected it on the merits, concluding "that the circumstantial evidence presented, taken as a whole and in the light most favorable to the prosecution, was sufficient to support a finding beyond a reasonable doubt that [Mr. Fuller] knew of the contents of the suitcase and intended to manufacture methamphetamine." The district court below reviewed the state appellate court's decision and concluded Mr. Fuller had not demonstrated it was based on an unreasonable application of clearly established federal law or an unreasonable determination of the facts.

Here, Mr. Fuller does not renew his challenge to the Colorado Court of Appeals' application of federal law, but he does argue its decision was based on an unreasonable determination of the facts because it relied on "perjured and recanted testimony" and

19

other facts not supported by the record.[7] To the contrary, we conclude the district court's decision rejecting this argument is not reasonably debatable.

Habeas challenges to the sufficiency of the evidence supporting a conviction are governed by *Jackson v. Virginia*, 443 U.S. 307 (1979), where the Supreme Court held that evidence is constitutionally sufficient if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. Courts' review under *Jackson* "is sharply limited, and a court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Brown v. Sirmons*, 515 F.3d 1072, 1089 (10th Cir. 2008) (alternations and internal quotation marks omitted). In addition, when assessing the factual basis of a state court's sufficiency-of-the-evidence ruling in a § 2254 proceeding, a federal court must presume the state court's factual determinations are correct, and the habeas petitioner bears the burden of overcoming that presumption by clear and convincing evidence. *See id.*; *see also* 28 U.S.C. § 2254(d)(2), (e)(1).

---

[7] Mr. Fuller also references *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), for the proposition that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations," and argues he raised the issue of his actual innocence in his § 2254 petition here. (Alterations in Mr. Fuller's brief.) However, as Mr. Fuller's excerpt from *McQuiggin* indicates, "actual innocence" is a tool available to habeas petitioners seeking "to pursue [their] constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin*, 133 S. Ct. at 1931. Because Mr. Fuller's insufficient-evidence claim is not procedurally barred and was considered on the merits, the actual-innocence exception to procedural bar is irrelevant.

20

The district court here faithfully applied these standards, and we conclude reasonable jurists could not debate its conclusion that the Colorado Court of Appeals' decision was based on a reasonable determination of the facts.[8] Mr. Fuller attacks the state court's decision on the ground that it relied on "perjured, questionable, and recanted testimony . . . belied by the record[]" in concluding there was sufficient evidence to support the jury's finding that Mr. Fuller knew the suitcase contained supplies for manufacturing methamphetamine. But the only evidence Mr. Fuller cites in support of this contention is arguable inconsistencies in the recollection of a single witness who testified he saw Mr. Fuller carry the suitcase into the convenience store, retrieve an object from the suitcase, and act "paranoid," "defensive," and "protective" about the suitcase. At most, these alleged inconsistencies created a conflict regarding one piece of evidence that the jury *could have* resolved in Mr. Fuller's favor. But under *Jackson*, reviewing courts must presume the jury resolved any such conflict in favor of the prosecution, and must defer to that resolution. *Brown*, 515 F.3d at 1089. Moreover, the district court noted that the state court's decision was buttressed by various additional facts supported by the record and unrebutted by Mr. Fuller.

Under these circumstances, no reasonable jurist could find the district court's rejection of claim three debatable or wrong. We therefore deny Mr. Fuller's request for a COA on this claim.

---

[8] Although Mr. Fuller does not dispute it, we note that reasonable jurists also could not debate the district court's conclusion that the Colorado Court of Appeals reasonably applied the *Jackson* standard in rejecting Mr. Fuller's insufficient-evidence claim on direct appeal.

21

### C. Request for Leave to Proceed In Forma Pauperis

As a final matter, Mr. Fuller has filed a motion to proceed on appeal in forma pauperis. Prisoners seeking to proceed in forma pauperis in a habeas action must demonstrate "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted). We conclude that although Mr. Fuller has demonstrated a financial inability to pay, he has not shown that his arguments on appeal are nonfrivolous. Accordingly, we deny Mr. Fuller's motion to proceed in forma pauperis and remind him of his obligation to pay the filing fee, even on an appeal that has been dismissed. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

### III.     CONCLUSION

Reasonable jurists could not debate the district court's decision that the constitutional claims raised in Mr. Fuller's § 2254 petition are either meritless or procedurally barred. We therefore deny Mr. Fuller's application for a COA as to all claims and dismiss this matter. We also deny Mr. Fuller's request to proceed in forma pauperis.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

22