**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 6, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD THORNTON,

      Petitioner - Appellee,

v.

BARRY GOODRICH, Warden, BCCF;
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellants.

No. 17-1369
(D.C. No. 1:15-CV-00432-PAB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.[1]

A traffic stop and dog sniff of Richard Thornton's vehicle revealed 45 pounds of

marijuana. The entire stop, including the search of the vehicle, lasted approximately 85

---

[1] While the late Honorable Monroe G. McKay was assigned to, and participated in the disposition of, this matter before his death on March 28, 2020, his vote was not counted. *See Yovino v. Rizo*, 139 S. Ct. 706, 710 (2019) (federal court may not count the vote of a judge who dies before a decision is issued). "The practice of this court permits the remaining two panel judges if in agreement to act as a quorum in resolving the appeal." *United States v. Wiles*, 106 F.3d 1516, 1516 n.* (10th Cir. 1997); *see also* 28 U.S.C. § 46(d) (noting circuit court may adopt procedures permitting disposition of an appeal where remaining quorum of panel agrees on the disposition). The remaining panel members have acted as a quorum with respect to this Order.

minutes and was recorded by the stopping officer's "dashcam," the video camera attached to the dashboard of the officer's vehicle. Thornton was subsequently charged in Colorado state court with various drug offenses and the operation of an unregistered vehicle. He moved to suppress evidence, saying, among other things, the 45 minutes elapsed time between the vehicle stop and dog sniff was unreasonable.

At the evidentiary hearing, the State introduced a "corrected" video (more accurately, a condensed video) of the stop which consisted of three excerpts of the full video. While it contained the same timestamps as the full video, the corrected video omitted approximately 20 minutes between the vehicle stop and dog sniff.

The state trial judge denied the suppression motion because Thornton's continued detention after the initial stop of his vehicle was reasonable based on the totality of the circumstances. Those circumstances included the officer's attempts to ascertain the true status of Thornton's Arizona license plates which were designated "not for use on the highway" and "for credit only."

Thornton was subsequently convicted of the charges and sentenced to 12 years in prison. He filed a direct appeal, arguing the trial court erred in denying his motion to suppress. The Colorado Court of Appeals affirmed. In doing so, it erroneously stated the time between the vehicle stop and the dog sniff to be 20 minutes. The Colorado Supreme Court denied certiorari review.

Thornton filed a pro se 28 U.S.C. § 2254 habeas corpus petition,[2] claiming the

---

[2] We have liberally construed Thornton's pro se pleadings, stopping short,

2

state courts erred in denying his motion to suppress because they had relied on the corrected video of the traffic stop which omitted 20 minutes between the vehicle stop and dog sniff. According to him, that omission was critical to their decision that the delay was reasonable. A district judge denied the motion. Thornton appealed. A judge of this Court granted a certificate of appealability (COA) as to whether the state court proceedings had provided Thornton a full and fair opportunity to litigate his Fourth Amendment claim under *Stone v. Powell*, 428 U.S. 465 (1976). The State filed a response brief suggesting "the case should be remanded for the district court to address the *Stone* issue after reviewing the state court record, which was not considered by the district court before and not included in the record . . . on appeal." *Thornton v. Goodrich*, 645 F. App'x 666, 667 (10th Cir. 2016) (unpublished). A panel of this Court agreed. *Id*.

On remand, a different district judge again denied relief.[3] After thoroughly reviewing the state court record, he decided Thornton was afforded a full and fair opportunity to litigate his Fourth Amendment claim in state court as required by *Stone*.

---

however, of serving as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[3] By the time the judge issued the second order denying his § 2254 petition, Thornton had been released on parole. Nevertheless, he satisfies the "in custody" requirement of § 2254 because he was incarcerated at the time he filed his petition. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Moreover, because he remains on parole, his § 2254 petition is not moot. *Id*. ("An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction.").

3

He issued a detailed 31-page order which can be summarized as follows.

Thornton presented his Fourth Amendment claim in state court by filing a motion to suppress evidence which included a claim that the length of his detention was unreasonable. At the evidentiary hearing on the motion, defense counsel cross-examined the stopping officer concerning the stop of Thornton's vehicle and specifically complained about the **45-minute delay** before the dog sniff. Moreover, during his closing argument, counsel argued that the actual video recording of the stop established Thornton to have been detained for 45 minutes and sought to downplay the officer's reasons for detaining Thornton after he had cleared the vehicle's license plates. In denying the motion to suppress, the state trial judge applied the appropriate constitutional standards governing traffic stops. Although the trial judge reviewed the corrected video, not the video of the full stop, the corrected video showed that the stop was initiated at 20:42 and the dog sniff occurred at 21:26 (about 45 minutes later). Moreover, while the length of the detention is certainly an important factor in the reasonableness equation, other factors are also relevant, and the trial court considered those factors in making its decision. The record also reflected Thornton filed a motion to reconsider the denial of the motion to suppress. The trial judge denied the motion because Thornton had not provided any new evidence warranting reconsideration. Although Thornton could have argued at that time that the corrected video was incomplete, he did not.

Finally, Thornton filed a direct appeal and specifically directed the appellate court to evidence in the record showing 45 minutes elapsed between the vehicle stop and dog

4

sniff. In its decision, the appellate court misstated that duration as 20 minutes.[4]

Nevertheless, that temporal mistake did not undermine the fact that Thornton was provided a full and fair opportunity to litigate his claim in state court. The district judge concluded:

> The record shows the state appellate court was adequately apprised by [Thornton's] counsel of the factual basis concerning the Fourth Amendment claim, and [Thornton] has failed to demonstrate that the state court did not engage in a colorable application of the correct Fourth Amendment constitutional standards. [Thornton's] disagreement over how the evidence should have been weighed, how the evidence and law should have been interpreted, and what the credibility determinations should have been does not provide a basis for this Court to find that [he] did not have the opportunity to fully and fairly litigate his claim. In light of the record, the factual mistake concerning the length of [his] detention made by the Colorado Court of Appeals did not devalue or compromise the proceedings afforded to [him] such that it would provide an exception to the restriction on federal habeas review under *Stone*.

R. at 275–76 (citations omitted).

The judge denied a COA so Thornton renews his request here. A COA is a jurisdictional prerequisite to our review of a state prisoner's petition for a writ of habeas corpus. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here,

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

---

[4] Given that Thornton specifically informed the appellate court that the delay was 45 minutes, the court's reference to 20 minutes appears to be a scrivener's error.

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thornton has not met his burden.

In *Stone*, the Supreme Court concluded "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494 (footnote omitted). "Opportunity for full and fair consideration includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim," a "full and fair evidentiary hearing," and "at least colorable application of the correct Fourth Amendment constitutional standards." *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978) (footnote and internal quotation marks omitted).

After a thorough review of the record, the district judge's decision, and Thornton's filings, we see no error in the district judge's decision that the state court proceedings afforded Thornton a full and fair opportunity to litigate his Fourth Amendment claim. Although Thornton insists the state courts' decisions denying his motion to suppress were wrong because they were based on the corrected video, "the ultimate accuracy of a state court's legal analysis is not relevant to the inquiry required by *Stone* unless 'the state court willfully refuse[d] to apply the correct and controlling constitutional standards.'" *Fuller v. Warden, Ark. Valley Corr. Facility*, 698 F. App'x 929, 941 (10th Cir. 2017) (unpublished) (quoting *Gamble*, 583 F.2d at 1165). That was not the case here. The state courts relied on their own precedent, which in turn relied on controlling Supreme Court

6

precedent.  *See People v. Rodriguez*, 945 P.2d 1351, 1362 (Colo. 1997) (en banc) (considering *United States v. Place*, 462 U.S. 696 (1983), *United States v. Sharpe*, 470 U.S. 675 (1985), and *Florida v. Royer*, 460 U.S. 491 (1983), in deciding whether an investigatory detention exceeded that necessary to effectuate the purpose of the stop).

Because reasonable jurists could not debate the correctness of the district court's decision, we **DENY** a COA and **DISMISS** this matter.  Thornton's motion to proceed *in forma pauperis* (*ifp*) on appeal is **GRANTED**.


Entered for the Court
Per Curiam